## RICHARDSON *v.* GRANDY AND ANOTHER.

### *Sale. Warranty. Implied Acceptance.*

Representations by the vendor, of the quality of the thing sold, or of its fitness for a particular purpose, intended as a part of the contract of sale, and relied upon by the vendee, constitute a contract of warranty.

And when there is such a contract, the vendee has a right of action, by proving the contract and its breach, and is under no legal obligation to return the property, or to give notice of its defects; his retention and use of it, and neglect to give notice of

its defects, being material only upon the question of damages. Thus, defendants sold plaintiff a second-hand machine, to be so repaired as to "be equal in all respects to a new one of the same kind," and plaintiff kept it three months before setting it up, and three months afterwards, before finally rejecting it. The court charged that if plaintiff kept it longer than was reasonably necessary to inspect and test it in the respect counted upon, without giving notice of any defect, he had impliedly accepted it. *Held*, no error.

The defendants offered to send a mechanic to set up the machine, and the plaintiff replied that he should want him, and when ready would send for him, but he employed another mechanic instead, who, as the defendants alleged, was incompetent. *Held*, that it was not a part of the agreement that the machine should be set up by defendants' mechanic, and that although plaintiff could not cast upon defendants the mischief caused by the unskillfulness with which the machine was set up, yet, he would not necessarily be precluded by his omission to have the defendants' mechanic set up the machine, from recovering for defects therein that were a breach of contract.

ASSUMPSIT upon a warranty in the sale of a clap-board planer. Plea, the general issue, and trial by jury, September Term, 1873, REDFIELD, J., presiding.

The plaintiff's evidence tended to show, that in December, 1871, he met the defendant Grandy, and learned from him that defendants had a second-hand clap-board planer that they had. replaced by a new one ; that soon afterwards the plaintiff and the defendants had correspondence, in course of which, as appeared by the letters, which were put in evidence, the plaintiff asked the defendants what they would take for their old machine, and the defendants replied that they would take $200 for it delivered on the cars in St. Johnsbury in such repair that it should " be equal in all respects to a new one of its kind," and that if the plaintiff desired, they would send their foreman, who had had experience with the machine, to assist in setting it up, and to instruct the plaintiff's men in running it, to which the plaintiff replied, accepting the defendants' offer according to its terms, and saying that he should want the defendants' foreman to assist, as the defendants had suggested, and that he would write again when ready for him. The plaintiff's evidence further tended to show, that the machine was duly received, but was not set up until about three months afterwards ; that then, instead of sending for defendants' man, the plaintiff employed a practical mill-wright who was unable to put it in working order, but who, as he admitted, had never set up such a machine before ; that plaintiff then

Richardson *v.* Grandy et al.

wrote the defendants that the machine was very imperfect, that it would not do good work, and that he should expect them to take it and " make him whole " in the matter, to which the defendants replied that the plaintiff was in fault in having employed an inexperienced man to set it up, but that they would send a man to put it in working order according to agreement, if plaintiff would pay for his services; that the plaintiff wrote again, saying that he did not think it could be made to do good work, and that he would not pay the defendants' man unless he should make it; that shortly after that the defendant Grandy spent some time in trying to make it work properly, for which the plaintiff paid him $10; that plaintiff then used it during the following three months, but that it never did, nor could be made to, do good work; that after the three months plaintiff wrote the defendants several times, asking if they had a man who could run the machine, and proposing to make an exchange with them, to which the defendants replied, denying their obligation to the plaintiff, and refusing to do anything in the premises.

The defendants' testimony tended to show that the machine did good work during all the time they had it in use, that the mechanic who set it up for the plaintiff was incompetent, that he belted it improperly, and ran it at too great speed, and that the plaintiff's failure to make it of service was wholly due to those causes.

The defendants requested the court to charge that, as there was no warranty, the transactions at the time the defendant Grandy went to put the machine in order, together with the lapse of time between the sale and those transactions, and between those transactions and the plaintiff's last letter, constituted an acceptance of the machine, and a waiver of all defects, and that as the plaintiff had not complied with the agreement to have the defendants' man set up the machine, he could not recover. But the court charged that the warranty counted upon was as to the general character and capacity of the machine—the promise " to have the machine repaired and made as good as new of the kind," that if the plaintiff kept it longer than was reasonably necessary in order to inspect it, test and prove its quality, in the respect counted upon

in the declaration, without complaint or notice of any defect, it would be an implied acceptance thereof, unless there were latent defects that common vigilance would not discover ; but that if the plaintiff kept it no longer after it was put in order by the defendant Grandy than was reasonably necessary to test its character and working, in order to determine whether it was " as good as new of the kind," then there was no implied acceptance. The, court also charged that the plaintiff's omission to have the defendants' mechanic set up the machine, would not necessarily preclude a recovery, provided the machine had inherent defects that were a breach of the contract ; but that the plaintiff could not cast upon the defendants. the burden of any mischief caused by the unskillful manner in which the plaintiff had set it up and attempted to use it. To the refusal to charge as requested, and to the charge as given, the defendants excepted.

*Grout* (*Baldwin* and *Kendall* with him), for the defendant.

*Dillinghams*, for the plaintiff.

The opinion of the court was delivered by

ROYCE, J. This is an action of assumpsit to recover damages for a breach of warranty in the sale of the articles of machinery described in the plaintiff's declaration. The only exceptions taken upon the trial were for non-compliance by the court with the requests made by the defendants, and to the charge upon the subject-matter of the requests. The first request is based in part upon the assumption that there was no evidence in the case that tended to show that there was any warranty of the machinery. While it is true that representations descriptive of the thing sold, or which may be taken as expressive of the opinion of the vendor, do not necessarily import a warranty, yet, where representations are made by the vendor, of the quality of the thing sold, or its fitness for a particular purpose, if intended as a part of the contract of sale, and the vendee makes the purchase relying upon such representations, they will in law constitute a contract of warranty. The evidence detailed in the exceptions had a tendency to estab-

lish such a contract, and it would have been error, by any ruling of the court, to have deprived the plaintiff of the benefit of it. Upon the claim made by the defendants, that there had been an acceptance of the machinery by the plaintiff, and a waiver of all defects in it, the charge was more favorable to the defendants than it should have been. Return of the property to the vendor, or notice of its defects, is never necessary, except to enable the vendee to withhold or recover back the price upon the actual disaffirmance of the contract, and thereby revesting the title in the vendor. But where there is a contract of warranty, the vendee is under no legal obligation to return the property, or to give notice of its defects; he has a right of action by proving the contract and its breach, and his retention and user of the property, and neglect to give notice to the vendor of its defects, are only material upon the question of damages. The claim of the defendants that it was part of the agreement that their mechanic should set up the machine, does not seem to us to be supported by the evidence, and all the benefit the defendants could legally claim from any unskillfulness in setting up or using the machine, was fully given them by the charge.

Judgment affirmed.