## GEO. ENGER & CO. *v.* W. W. DAWLEY & CO.

*When the representation of the vendor will amount to a warranty.*

To constitute a representation a warranty it must have been so intended and understood by the parties, both vendor and vendee; or intended by the parties as a part of the contract; or have formed the basis of the contract. It is not enough that the vendee believes it to be true and relies upon it in making the purchase.

This was an action in assumpsit for the amount of a promissory note given for the balance due on a lot of carriages sold by the plaintiffs to the defendant. Plea, the general issue, with notice that the defendant would rely, on trial, upon certain misrepresentations and the breach of certain warranties made in and about the sale of the carriages. Trial by jury, at the September Term, 1889, POWERS, J., presiding. Verdict and judgment for the plaintiffs.

The sale was effected through one Stevens, the agent of the plaintiffs, and the evidence of the defendant tended to show that the wagons did not fulfill the representations of Stevens as to their construction, and particularly as to the quality of the painting. The defendant introduced a catalogue issued by the plaintiffs, containing a description of the carriages sold, among others, with a representation of the quality of the construction and finish, and claimed that he bought the carriages in the belief that the representations therein contained were true, and in reliance upon them. With regard to this claim, he requested the following instruction from the court:

" If the catalogue referred to by Dawley in his testimony was used by the parties and referred to by them in completing the sale, as testified to by Dawley, and Dawley did rely on what was stated therein in making the purchase, believing it to be true, and made the purchase relying thereon, then those representations were, in legal effect, warranties."

This the court refused, and the defendant excepted.

*Butler & Moloney*, for the defendant.

*F. G. Swinington*, for the plaintiffs.

The opinion of the court was delivered by

TAFT, J. The only exception argued is the one taken to the failure of the court to comply with the third request. It does not embody a sound legal proposition. A catalogue was in evidence which contained representations as to the painting and varnishing of the wagons. The defendant claimed the representations were warranties; and asked instructions that if the catalogue ".was used by the parties and referred to by them" in completing the sale, and defendant relied upon them and believed them to be true, and made the purchase relying on them, then they were, in legal effect, warranties. This request is defective in that it ignores any intent on the part of the seller that the representations should be warranties, or knowledge that the vendee so regarded them, or that the representations formed the basis of the sale, or were intended to form a part of the contract. Without one of these elements the representations contained in the catalogue would not be warranties. To constitute a representation a warranty it must have been so intended and understood by the parties, both vendor and vendee. *Beeman* v. *Buck*, 3 Vt. 53; *Foster* v. *Caldwell's Estate*, 18 Vt. 176; *Bond* v. *Clark*, 35 Vt. 577; *Houghton* v. *Carpenter*, 40 Vt. 588; *Pennock* v. *Stygles*, 54 Vt. 226; or, intended by the parties as *a part of the contract;* *Richardson* v. *Grandy*, 49 Vt. 22; or, have formed the basis of the contract; *Beals* v. *Olmstead*, 24 Vt. 114; *Drew* v. *Elison*, 60 Vt. 401.

In the making of the contract the representations in the catalogue may have been used and referred to without forming a part of it, and without any intent on the part of Stevens, the plaintiff's agent, that they should, and without any intent on his part that they should be warranties, and without knowledge that the defendant so understood them. In ignoring these facts the request did not embody sound law, and for this reason the defendant was not entitled to have it complied with. *Rea* v. *Harrington*, 58 Vt. 181. *Judgment affirmed.*