## Wytheville.

### MILBURN  WAGON  CO.  v.  NISEWARNER.

#### JUNE 14th, 1894.

1. SALES—*Warranty in catalogue—Breach—Damages.*—Where defendant is induced to buy wagons by warranty in plaintiff's catalogue, that they were well made of good, thoroughly-seasoned material, and strong enough to carry the weight mentioned in catalogue : *held,* that he is entitled to rely thereon and to recover damages for any breach thereof, though his order was on plaintiff's form covenanting that if any breakage occurred within a year from defective material or workmanship, the same should be repaired without cost on production at the factory of the broken or defective parts, and though such parts were not produced there.

2. APPELLATE COURT—*Objections too late.*—In action on notes for price of said wagons, where breach of the said warranty is pleaded under Code, ₹ 3299, *held,* too late to object in this court for first time that the wagons were warranted as " farm wagons " and were used for other purposes.

Argued at Richmond.   Decided at Wytheville.

Error to judgment of circuit court of Rockingham county, rendered October 28, 1892, in an action of debt, wherein the Milburn Wagon Company was plaintiff, and Emma S. Nisewarner was defendant.   Opinion states the case.

*Sipe & Harris,* for plaintiff in error.

*O. B. Roller* and *Charles D. Harrison,* for defendant in error.

LEWIS, P., delivered the opinion of the court.

This was an action to recover the amount of sundry negotiable notes given for two lots of wagons sold by the plaintiff, the Milburn Wagon Company, to the defendant, Emma S. Nisewarner. The defendant pleaded the general issue, and also a special plea of setoff, under section 3299 of the Code, setting up a breach of warranty, and claiming damages to the amount of $4,250 82. The jury returned a verdict for the defendant for $533 56 damages, after deducting the debt claimed in the declaration; and the defendant, at the suggestion of the court, agreeing to reduce the damages to $200, there was judgment accordingly.

The single question in the case is, whether there was error in overruling the plaintiff's motion for a new trial, the ground of which motion was that the verdict was not warranted by the evidence.

The plaintiff is a manufacturer of wagons, having its chief place of business at Toledo, Ohio. The sale to the defendant of the first lot of wagons, twenty-four in number, was made in October, 1890. This sale was effected through an agent, who exhibited to the defendant's agent at Harrisonburg the company's printed catalogue, and solicited him to purchase. He also exhibited a patented hub, as a sample of the hubs used by the plaintiff in its business. The catalogue contained a minute description of the plaintiff's wagons, and represented them as having " no superior," and probably " no equal in this country." It also contains the following warranty, viz. : " We warrant our wagons to be well made, of good, thoroughly seasoned material, and of sufficient strength to carry the weight mentioned in our catalogues."

The order for the twenty-four wagons was written on a printed form, furnished by the plaintiff's agent, upon the back of which was the following " WARRANTY," viz.: " Should any breakage occur, within one year from date of purchase, by reason of defective material, or workmanship, repairs for same will be furnished at our factory free of charge, upon the purchaser pro-

ducing the broken or defective parts, as evidence, or an amount equal to the list price of such part, less the same discount as is given on this order will be paid in cash."

Several months afterwards another order, for six wagons, was given by the defendant. It does not appear that this order was made out on a like form to that above mentioned, but the defendant's agent, who gave it, says "the order was by letter, upon the representation set forth in the catalogue."

Upon the question of the quality of the wagons, numerous witnesses, mostly purchasers from the defendant, were called in her behalf; and this evidence, which is uncontradicted, establishes conclusively that the wagons were not only not up to the standard represented in the catalogue, but that they were of an extremely inferior quality, both as regards workmanship and material used in their construction. Most of the witnesses speak of them as "no good"; and several wagon-makers living in the defendant's neighborhood, who were called on to repair some of the wagons, speak of them in the same way.

The appellant's contention, however, is that the only warranty in the case is that on the back of the printed order, and that that was not complied with. As already stated, the second lot of wagons were ordered by letter; and, besides, the counsel are mistaken in supposing that the only warranty is that on the back of the printed order. The evidence shows that all the wagons were ordered "upon the representations set forth in the catalogue"; and in the catalogue they were expressly warranted to be "well made of good, thoroughly seasoned material, and of sufficient strength to carry the weight mentioned" in the catalogue.

There is no evidence in denial of the fact that this was intended and understood by the parties as a warranty. It is certain the defendant was induced by it to enter into the contracts in question, and there is no doubt she had a right to rely upon it. It is, therefore, as it purports to be, a warranty, and was admitted as evidence, without objection, at the trial.

*Mason* v. *Chappell,* 15 Gratt.; 572; *Herron & Holland* v. *Dibrell Bros.,* 87 Va., 289; *Enger* v. *Dawley,* 62 Vt., 164; S. C., 19 Atl. Rep., 478.

Nor is there any conflict between this and the warranty on the back of the printed order. The latter merely provides how ordinary breakages may be made good, and was not intended to affect the former in any way. Besides, it was proved that "repairs were sent for, but were not furnished"; and another witness states that a wheel was sent to the company, and never afterwards heard of; "that the company denied receiving it, but that a tracer was put on it, and it was traced to Toledo."

Another point made by the appellant is that the wagons were used for a different purpose than for which they were sold to the defendant; that is, that they were sold or represented in the catalogue as farm wagons, and afterwards used in hauling wood and bark to market. How many of the wagons were thus used does not appear; nor are we prepared to say, in the absence of any evidence on the subject, that wood and bark are not farm products, or that the use to which the wagons were put was not within the contract. But be that as it may, no such question appears to have been raised in the trial court, and it is too late now to raise it here.

The only remaining question is, whether the finding of the jury or the amount for which judgment was given is so excessive as to entitle the appellant to a new trial.

The total purchase price of the wagons was $1,729 06, of which the defendant paid in money $1,108 91, leaving a balance of $620 15, for which the action was brought. But this balance is to be credited by $318 10, the aggregate of sundry notes turned over by the defendant, and received by the plaintiff as cash. This reduces the claim to $302 05. A further credit of $167 11 is conceded by the appellant, which leaves $134 94; and this, added to the $200 for which the judgment was rendered, amounts to $334 94.

It appears, moreover, that the defendant warranted the wagons, and that a number of the purchasers have refused, on account of the alleged worthlessness of the wagons, to pay balances on their purchases aggregating $393 50.    Besides this, the defendant paid out for repairs $47 75, to say nothing of freight bills, amounting to over $100, nor of the alleged injury to her business by reason of handling the wagons; all of which properly entered into the consideration of the case under the averments of the special plea.

There is no error, therefore, in the judgment to the prejudice of the appellant, and the same is affirmed.

JUDGMENT AFFIRMED.