Argued February 20, decided March 4, modified on rehearing April 1, Motion to Retax Costs denied April 22, 1913.

## KITCHIN *v*. OREGON NURSERY CO.*

(130 Pac. 408: 130 Pac. 1133: 132 Pac. 956.)

**Appeal and Error—Questions Reviewable—Immaterial Questions.**

1. Where, in an action by a buyer of nursery stock for damages caused by receiving defective stock, the seller placed in evidence statements of shipments of stock made out on billheads bearing the heading after his name "Growers of reliable nursery stock," the objection to the admission in evidence of letters written by him to the buyer

---

*As to the implied warranty of fitness of goods bought for a special purpose, see notes in 15 L. R. A. (N. S.) 855, 31 L. R. A. (N. S.) 783, and 34 L. R. A. (N. S.) 737.

On the question of the liability of vendor of seeds, see note in 37 L. R. A. (N. S.) 79.—REPORTER.

The authorities on the right to interest on unliquidated damages are reviewed in an extensive note in 28 L. R. A. (N. S.) 1.—REPORTER.

because they contained, printed on the letter-head, the same phrase, was immaterial.

**Sales—Contracts—Breach of Contract—Evidence—Admissibility.**
2.  A buyer of nursery stock, who sues for damages caused by the delivery to him of defective stock, may show that prior to the purchase a newspaper advertisement of the seller containing a representation of the quality of the stock came to his attention and that it influenced him to buy the stock.

> [As to when warranty of quality is implied, see notes in 55 Am. Dec. 328; 102 Am. St. Rep. 607.]

**Sales—Contracts—Breach—Evidence—Admissibility.**
3.  Where, in an action by a buyer of nursery stock for damages caused by the delivery of defective stock, the defense was that the stock died for want of proper soil, cultivation, and care, evidence of the character and condition of the soil was not objectionable because reference was made therein to other stock thriving in similar soil.

**Trial—Conduct of Counsel—Objections—Necessity.**
4.  It is not error to allow counsel of a party to state in the hearing of the jury the matters sought to be deduced by the answer of a witness to a question to which an objection was sustained, unless the adverse party objected to the making of the statement in the presence of the jury.

> [As to counsel's assuming facts not in evidence, see note in 9 Am. St. Rep. 559.]

**Appeal and Error—Harmless Error—Erroneous Instructions.**
5.  Where the verdict contained no special damages except an item specially alleged and properly allowed if plaintiff could recover, and an item of $1 mentioned as personal damages, meaning special damages, the error, if any, in an instruction on special damages, was not prejudicial, especially as plaintiff conceded that the special damages of $1 should be eliminated.

**Evidence—Opinion Evidence—Nonexpert Witnesses.**
6.  Questions involving the effect and quality of the cultivation of the soil in which trees purchased as nursery stock are planted may be established by nonexpert witnesses as a matter of common observation, from the appearance of facts, and expert witnesses are not necessary.

**Sales—Warranty—Evidence—Sufficiency.**
7.  Where, in an action for breach of contract of sale of nursery stock, the buyer alleged and proved that trees, delivered and planted, died, and it appeared that the number of dead trees in some of the orchards was arrived at by estimates, by an actual count of dead trees in sections of 10 trees through a large part of the orchard, and by computing the number of dead trees in the balance in the same proportion, there was sufficient evidence to enable the jury to ascertain the damages with reasonable certainty.

**Sales—Contracts—Implied Warranty.**
8.  One engaged in producing and placing on the market fruit trees for fruit raising impliedly warrants that the trees sold are sound, healthy and vigorous.

**Evidence—Opinion Evidence—Fact or Conclusion.**
9. In an action by a buyer of nursery stock for damages caused by the delivery of defective stock, his statements that the real value of the trees was $1,017, and that the value of those that died was $1,000, without showing the basis of such statements, were conclusions not entitled to consideration by the jury.

[As to when the opinion of a nonexpert is admissible in evidence, see notes in 19 Am. Rep. 410; 30 Am. St. Rep. 38.]

**Sales—Actions for Breach—Measurement—Damages.**
10. In an action by a buyer of nursery stock for the delivery to him of defective stock, the measure of damages was the price charged by the seller for the number of trees that died.

[As to measure of damage in action of breach of contract to sell, see note in 42 Am. Rep. 461.]

**Damages—Interest—Unliquidated Damages.**
11. No interest is recoverable on a claim for unliquidated damages until the amount of the damages is made certain by judgment.

From Washington: JAMES U. CAMPBELL, Judge.

Statement by MR. JUSTICE EAKIN.

This is an action by A. L. Kitchin against the Oregon Nursery Company, Limited.

Plaintiff alleges that in the year 1910 he was engaged in the business of buying and selling, taking orders for, and supplying, fruit trees to the public for planting orchards; that between the 1st day of February and the 19th day of April, 1910, he purchased from the defendant young fruit trees of the total value of $1,257.59, which were shipped to plaintiff at Roseburg, Oregon; that said trees were defective and imperfect, in that they were immature by reason of late cultivation and growth in the fall, and were not suitable for planting in the spring; and that, although seasonably planted, by reason of said defects, a large part of them died, namely, about 80 per cent thereof, whereby plaintiff was damaged in the sum of $78.88, freight and express charges paid for shipment, and the sum of $1,000 for the loss of the trees. Plaintiff admits that he is indebted to the defendant in the sum of $157.59, and that said sum should be credited against said damages.

The defendant by its answer admits the sale of the trees, but denies that defendant is liable to plaintiff for any defects in the trees, or that he sold them upon any warranty; denies that the trees were defective, imperfect, immature, or unfit for planting; and alleges that the trees were in good, healthy condition, and packed in proper shape, when shipped.

The case was tried before a jury, which rendered a verdict in favor of the plaintiff for the sum of $901.28, and for personal damages $1, from which it authorized a deduction of the $157.59; and defendant appeals from the judgment rendered thereon.        AFFIRMED.

For appellant there was a brief, with oral arguments by *Messrs. Bagley & Hare.*

For respondent there was a brief, with oral arguments by *Mr. Edmund B. Tongue* and *Mr. Benjamin L. Eddy.*

MR. JUSTICE EAKIN delivered the opinion of the court.

There are a great many assignments of error, but all may be included under a few points.

1. Objections were made to the introduction in evidence of several letters, written by the defendant to the plaintiff, for the reason that they contained printed on the letter-head, following the name of the defendant the words, "Growers of reliable nursery stock," but the objections are rendered immaterial for the reason that defendant placed in evidence several statements of shipments of trees made out upon billheads bearing the same heading, and including the statement objected to.

2. Plaintiff offered in evidence a newspaper advertisement published over defendant's name, the admission of which was excepted to by the defendant. Plaintiff testified that the advertisement came to his attention

before he purchased the trees, and that it influenced him to buy from the defendant. The advertisement is in the nature of a representation of the matters stated therein to those who might thereafter deal with the company, and tends to establish an implied warranty to subsequent purchasers of the truth of such representation, and was competent evidence for that purpose: See *Milburn Wagon Co.* v. *Nisewarner,* 90 Va. 714 (19 S. E. 846).

3. Testimony as to the character and condition of the soil was not objectionable because reference is made therein to other trees thriving in similar soil, part of the defense being that the trees died for want of proper soil, cultivation, and care.

4. Error is assigned to the ruling of the court in permitting counsel for plaintiff to state, within the hearing of the jury, the matters sought to be deduced by the answer of the witness to a question to which an objection was sustained. If it appeared that such a statement might be prejudicial, defendant should have objected to the statement being made within the hearing of the jury, and, no doubt, the court would have required the statement to have been made in writing rather than orally; but, in the absence of such objection being timely made, no error was committed.

5. Exceptions are also taken to the instruction of the court as to special damages; but the verdict contains no special damages, except the item of freight, which is specially alleged, and properly allowed if plaintiff is entitled to recover, and an item of $1, mentioned as "personal damages." We understand the term "personal damages" to mean special damages; but, as the amount allowed in the verdict was only nominal, the instruction could not be prejudicial error; and, as the plaintiff in his brief concedes that the special damages may be stricken out, that will be the order.

6. Witnesses testified as to the effect and quality of the cultivation of the soil in which the trees were planted, and it is contended by defendant that this was expert opinion by nonexpert witnesses. We do not deem the matter sought to be established by this evidence as a matter requiring scientific knowledge or special skill or learning, but rather a matter of common observation from the appearance of facts. It is said in *Graham* v. *Pennsylvania Co.*, 139 Pa. 158 (21 Atl. 152, 12 L. R. A. 295), and quoted with approval in *National Bank* v. *Fire Assn.*, 33 Or. 181 (53 Pac. 11) : "That the opinions of witnesses are in some cases admissible as evidence, even when not coming properly under the head of expert testimony, has long been established in practice." In the case of *National Bank* v. *Fire Assn.*, 33 Or. 181 (53 Pac. 11), Mr. Justice WOLVERTON says: "There are several reasons assigned which characterize its (nonexpert testimony) competency, among which may be enumerated its necessity as being the only method of proving certain facts essential to the due and proper administration of justice; that it is not a mere opinion, but a conclusion of fact to which the judgment and common knowledge of the observer has led him in regard to the subject matter; and that certain facts are of such a nature that whatever a witness may affirm touching them he asserts largely as an opinion, but so blended with knowledge and recollection that the line where opinion ends and fact begins cannot be distinguished, making it, in effect, a compound question of fact and opinion": See, also, *Farmers' Bank* v. *Woodell*, 38 Or. 298 (61 Pac. 838). The admission of the evidence could not have been prejudicial, and was not error.

It is further contended that the price at which the trees were sold by plaintiff was not competent, but the evidence relating thereto was excluded, and the court in the instructions told the jury that the pur-

chase price of the trees at Orenco should be the basis upon which to compute the damages.

7. Again, it is objected that damages cannot be predicated upon estimates. The number of dead trees in some of the orchards was arrived at by estimates, namely, actual count of dead trees in sections of 10 trees through a large part of the orchard; the number of dead trees in the balance of the orchard being computed in the same proportion. In many of the orchards it was determined by actual count, and the evidence was sufficient to enable the jury to ascertain the damages with reasonable certainty: *Hoskins* v. *Scott,* 52 Or. 276 (96 Pac. 1114).

8. The principal contention of plaintiff is as to the liability of defendant upon its implied warranty that the articles sold shall be suitable for the purposes to which they are to be applied. This rule is well recognized by this court: *Gold Ridge Min. Co.* v. *Tallmadge,* 44 Or. 34 (74 Pac. 325, 102 Am. St. Rep. 602); *Lenz* v. *Blake,* 44 Or. 573 (76 Pac. 357); *Mine Supply Co.* v. *Columbia Min. Co.,* 48 Or. 395 (86 Pac. 790). However, in this case it is not necessary to apply the rule because the plaintiff is not only contending that the trees were not suitable for the use to which they were to be applied, but that the trees were not sound. Defendant admits that it is bound by an implied warranty to that extent, namely, that the trees were sound and healthy, and the testimony strongly tended to establish the fact that the trees were not sound, but were unhealthy trees having an inherent defect which caused them to die; and the jury passed upon the question of the inherent defect, as well as the cause of the death of the trees. Defendant contends that it was not liable upon a warranty that the trees would grow, but only that they were live trees of the variety ordered. Defendant as a nursery company was producing and putting upon the market young fruit trees for fruit-rais-

ing; and nursery fruit stock cannot be considered with reference to any other purpose.   Hence there is an implied warranty that the trees are sound, healthy, and vigorous.   Defendant states in its brief that "when a known and described article is purchased, and the plaintiff purchased what he got and got what he purchased, there is no implied warranty that it is reasonably fit for the use intended by the purchaser."   But plaintiff's contention is that he did not get what he purchased, namely, sound, healthy and vigorous trees.

There are other errors assigned relating to the admissibility of the evidence and instructions to the jury, but we deem them unimportant.

After careful consideration of the law applicable to the questions here involved, and a review of the evidence, we find no prejudicial error.

The case was fairly presented to the jury, and, eliminating the $1 special damages, the judgment is affirmed.

AFFIRMED: MODIFIED ON REHEARING.

Decided April 1, 1913.

ON PETITION FOR REHEARING.

(130 Pac. 1133.)

MR. JUSTICE EAKIN delivered the opinion of the court.

9. On the motion for rehearing defendant urges that there is no evidence to justify the verdict in the sum of $901.28, for the reason that the purchase price at Orenco of the trees proved to have died, according to the testimony of plaintiff, was only $549.81.   Testimony was offered by plaintiff, but excluded by the court, that the price plaintiff was to receive for these same trees was $938.37.   However, he was allowed to state that the real value thereof was $1,017.25; and to

a former question he was allowed to state the total amount or value of those trees that died to be $1,000. Neither of those statements was of fact, but they were conclusions, and it is not shown upon what they were based; they were not confined to the value or purchase price at Orenco, and were not entitled to consideration by the jury.

10. As we understand the evidence, the answer of plaintiff to the question (transcript of testimony, page 96), "I will ask you to state to the jury the price charged you by the Oregon Nursery Company on those dead trees," was the correct statement of plaintiff's damage. He had previously testified to each lot of trees, with the name of the purchaser, and in the answer he names each purchaser, the number of dead trees in each lot, and the amount paid the Oregon Nursery Company therefor, amounting in all to $549.81. The jury allowed plaintiff for freight paid by him $78.88, so that the amount of the verdict should have been $628.69, less the amount due from plaintiff to defendant in the sum of $157.59, which leaves the amount for which judgment should have been rendered $471.10.

The opinion will be modified accordingly, and under the provisions of Section 3 of Article VII of the Constitution, as amended (see Laws 1911, p. 7), this court will direct judgment to be entered for that amount, appellant to recover the costs on this appeal.

MODIFIED ON REHEARING.

Decided June 10, 1913.

ON PETITION TO RECALL MANDATE.

(132 Pac. 956.)

MR. JUSTICE EAKIN delivered the opinion of the court.

11. Plaintiff moves the court to recall the mandate and to allow the judgment to be amended, awarding him

interest on the judgment from the date of the original judgment of the trial court. This is an action for unliquidated damages. There can be no interest on a claim for damages until the amount is made certain by judgment: *Sorenson* v. *Oregon Power Co.*, 47 Or. 34 (82 Pac. 10); *Baker County* v. *Huntington,* 48 Or. 593 (87 Pac. 1036, 89 Pac. 144). The amount of the damages in this case was not made certain until determined by this court.

The motion is denied.

AFFIRMED: MODIFIED ON REHEARING. MOTION TO RECALL MANDATE DENIED.