Argued March 20, decided April 1, rehearing denied June 10, 1913.

# FLANAGAN ESTATE v. MARSHFIELD TRADING CO.

(130 Pac. 1133.)

**Deeds—Description—Certainty—Reservation.**
1. Where a deed excepts land described as one acre lying in the northeast corner of a lot, and the corner was round and irregular, so that it was possible to lay off an acre with the base given in a half dozen different ways, the exception was too indefinite to include any particular land, unless the parties by their subsequent conduct have identified it.

[As to description as construed by subsequent acts of the parties, see note in 35 Am. Dec. 373.]

**Quieting Title—Necessary Parties.**
2. In a suit to quiet title to a particular block in a large lot of land, a railroad which claimed no interest in that block is not a proper party, even though the defendant had claims to land in the lot which might conflict with those of the railway company.

From Coos: JAMES W. HAMILTON, Judge.

Statement by MR. CHIEF JUSTICE McBRIDE.

This is a suit by the Flanagan Estate, a corporation, Robert E. Shine and J. W. Reynolds against the Marshfield Realty and Trading Company, a corpora-

tion, to quiet title to block A in Railroad addition to the city of Marshfield. In 1873 E. B. Dean and David Wilcox were the owners of lot 9, section 35, township 25 south, range 13 west of the Willamette meridian, and in April of that year formed a partnership with C. H. Merchant, conveying to him a one-eighth interest in lot 9. In 1889 the partnership was dissolved, and Dean and Wilcox conveyed to Merchant all of lot 9, "excepting one acre lying in the northeast corner thereof." Merchant still retained his one-eighth interest in the excepted acre until October, 1892, when he conveyed it to E. B. Dean & Co. by a deed which described it as "one acre in the northeast corner of lot 9, section 35, township 25 south, range 13 west of Willamette meridian, known as 'Fire Pit.'" In 1890 one R. A. Graham proposed to build a railroad to Marshfield, and entered into an agreement with Merchant whereby lot 9 was to be platted as part of Railroad addition to Marshfield, Graham to have one-half of the addition as a bonus for building the road. Merchant selected block A, the land in controversy, as his own under this agreement, and in the same year gave Graham a contract of purchase, and Graham, under this contract, sold block A to plaintiff's predecessors in title, conveying it by deed executed by himself and Merchant. Lot 9 is made fractional by the meanders of Coos Bay, and its northeast "corner" approximates a crescent, but is irregular along its concave side, caused by the sinuosities of the bank. The defendant claims title to the whole or a greater portion of block A by virtue of the exception in the deed from Dean and Wilcox to Merchant.    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. John D. Goss.*

For respondents there was a brief over the names of *Mr. Cassius R. Peck* and *Mr. Charles B. Selby,* with an oral argument by *Mr. Peck.*

Opinion by MR. CHIEF JUSTICE MCBRIDE.

1. It requires no citation of authorities to support the proposition that, where the corner is included within two straight lines, a description of an acre in such corner is sufficiently definite; but in this case the "corner" is rounding and irregular, and it is possible to lay off an acre with the base given in the deed in half a dozen different ways.   The exception is too indefinite to include any particular land, unless the subsequent acts of the parties have made it definite.   By the great preponderance of the testimony, we are of the opinion that the intention was to reserve an acre, including the fire pit mentioned in the subsequent deed from Merchant to E. B. Dean & Co., and that the true location of such acre, according to the intention of the parties, is in accordance with the Cathcart survey mentioned in the testimony and shown by plaintiff's Exhibit B. Unless the parties have by their own acts identified this as the property, the description is not otherwise identified.   This leaves the acre entirely east of block A.

2. The motion to make the Coos Bay & Eastern Railroad Company a party was properly denied.   The controversy in this suit is as to the validity of defendant's claim to block A.   Whether it owned an acre in some other location was not material.   It does not appear that the railroad company claimed any interest in block A, and the plaintiff would have subjected itself to costs by making it a defendant.

The decree is affirmed.                        AFFIRMED.