Argued December 14, reversed December 28, 1926.

# MEDFORD FURNITURE AND HARDWARE CO. v. M. F. HANLEY.

### (250 Pac. 876.)

**Sales—Allegations as to Reasonable Value of Materials Requested, Furnished Third Person, and That Value had Been Agreed upon Held Essential, in Action for Goods Sold.**

1. Complaint, in action to recover for goods sold to defendant and delivered at his request to third person, lacked allegation as to reasonable value of goods furnished or that value of goods furnished was agreed to by contracting parties, which allegations were necessary to constitute cause of action; allegations as to price as pleaded being mere conclusions of law.

**Contracts—To be Binding, Offer must be so Complete That, upon Acceptance, Terms Necessary to Determine Performance will be Present.**

2. To form basis of legal obligation, offer must be so complete that, upon acceptance, agreement is formed which contains all terms necessary to determine whether contract has been performed or not.

**Sales—Party Furnishing Value, Under Sale Contract, Unenforceable for Indefiniteness, can Recover Therefor from Party to Whom Furnished.**

3. In case of attempt to enter into sale contract, unenforceable because being too indefinite, either party who has paid money or furnished something of value under such contract may recover value thereof from party to whom furnished.

**Sales—Reasonable Value of Goods, Delivered to Third Person at Request of Party to Unenforceable Contract, can be Recovered from Party so Requesting.**

4. Delivery to third person, at request of one to whom goods were furnished, does not change rule that party furnishing something of value, under contract unenforceable because indefinite, may recover reasonable value thereof from party to whom furnished.

**Sales—Allegation of Reasonable or Agreed Value of Goods Delivered to Third Party Held Necessary to Constitute Cause of Action for Value Thereof.**

5. One of ultimate facts necessary to be alleged, to constitute cause of action based upon agreement to pay for goods delivered to third party, is reasonable or agreed value of goods which were delivered under contract.

---

2. See 6 R. C. L. 600.
3. See 2 R. C. L. 789.

Pleading—Allegations in Complaint for Recovery for Goods, Furnished Third Person at Defendant's Request, as to Sums Paid and Balance Due, Held Mere Law Conclusions.

6. Allegation, in complaint to recover for goods furnished third person at request of defendant, that certain funds had been paid, leaving balance due and owing, *held* mere conclusion of law, there being no allegation of value of goods from which these conclusions could be drawn.

Appeal and Error—Objection of No Cause Stated in Complaint, or of Lack of Jurisdiction, may be Raised, Though No Demurrer was Filed.

7. Objection that complaint does not state facts sufficient to constitute cause of action or that court does not have jurisdiction over subject of action, not being cured by pleading to merits, may be raised, even for first time on appeal, though no demurrer was filed.

Sales—Instruction Resting Liability of Defendant for Goods Furnished to Third Person upon Interest, in Performance of Contract for Which Goods were Furnished, Held Erroneous.

8. Giving of instruction, in action to recover for goods delivered to third person at defendant's request, that jury could consider whether goods furnished were necessary and were used in ditch construction for defendant, in determining liability, *held* error; defendant's interest in third person's performance of contract with him not being test of defendant's liability.

Sales—Admission of Evidence, in Action to Recover for Goods, That Third Person Lost Money, Under Contract for Which Goods were Furnished, Held Error.

9. Admission of testimony, in action to recover for goods furnished third person at defendant's request, that third person lost money, in performance of contract for which goods were furnished, *held* error because immaterial and not affecting rights of parties to litigation.

---

Appeal and Error, 3 C. J., p. 786, n. 76.
Contracts, 13 C. J., p. 244, n. 61, p. 266, n. 6, p. 267, n. 7.
Courts, 15 C. J., p. 847, n. 31, p. 849, n. 34.
Pleading, 31 Cyc., p. 52, n. 78, p. 729, n. 59.
Sales, 35 Cyc., p. 550, n. 44, p. 551, n. 48, p. 576, n. 4.

From Jackson: C. M. THOMAS, Judge.

Department 1.

REVERSED.

---

7. Right to raise question as to sufficiency of pleading for the first time upon appeal, see note in 3 Ann. Cas. 545. See, also, 2 R. C. L. 86.

For appellant there was a brief over the name of *Messrs. Reames & Reames*, with an oral argument by *Mr. A. E. Reames.*

For respondent there was a brief over the name of *Messrs. Newbury & Newbury*, with an oral argument by *Mr. Gus Newbury.*

RAND, J.—This is an action to recover for goods, wares and merchandise claimed to have been sold to defendant, and at his request to have been delivered to one Delin, who had contracted with defendant to construct a ditch on defendant's premises, and to furnish and pay for all labor, material and supplies used in the construction of the ditch, and to hold defendant harmless therefrom. After alleging the corporate existence of the plaintiff, the cause of action is set forth in the complaint as follows:

"That during the year 1920, the defendant was engaged in the construction of a ditch on his premises in Jackson County, Oregon, and contracted with one C. L. Delin to do and perform said construction work, and the said Delin sought to purchase from the plaintiff the necessary powder and supplies to carry out the terms and conditions of his contract with the said defendant. The plaintiff refused to sell any of the necessary materials to the said Delin except for cash and would extend to said Delin no credit, and thereupon, the defendant herein came to the place of business of the plaintiff and, before the delivery of any of said materials, orally promised and agreed that if the plaintiff would deliver to the said Delin the supplies and materials necessary to do and perform the work which the said Delin had contracted with the said defendant to do and perform, that he, defendant, would pay unto the plaintiff, the price of the material delivered to the said Delin for said work. That the plaintiff accepted the offer of the said defendant to

pay for said materials and the said Delin procured the said necessary materials on the said promise of the defendant to pay therefor, and not otherwise, and a portion thereof was paid by said Delin by check of Sept. 4, 1920, of $628.73 and by check of Oct. 27, 1920, $1002.56, leaving a balance due and owing from the defendant to the plaintiff, for the said materials so furnished, of $820.49; that no part of said balance has ever been paid to the plaintiff, and the whole thereof is due and owing from the defendant unto the plaintiff; that plaintiff has demanded the payment of same from said defendant. That the plaintiff would not have delivered the said materials unto the said C. L. Delin had not the defendant herein promised and agreed, before said materials were delivered to the said Delin, that he, said defendant, would pay to the plaintiff the price therefor, and the plaintiff, in the delivery of said materials to said Delin, relied upon the promise of the defendant to pay the plaintiff the price therefor.

Defendant demurred to the complaint upon the ground that it failed to state facts sufficient to constitute a cause of action. The court overruled the demurrer and defendant answered, denying that he had ever entered into any contract or agreement with plaintiff for the purchase of any goods, wares or merchandise, and alleged that the same was sold upon the sole credit of Delin, and not at the instance or request of plaintiff, and attached to the answer as an exhibit, a copy of the contract between defendant and Delin. In terms, the contract between defendant and Delin provides, that Delin shall furnish all labor and material, and pay all expenses of construction, and save defendant harmless of any lien or claim for such labor or material, and that defendant should pay Delin therefor, the sum of $3,150 per mile of ditch constructed. The answer further alleged that defendant had fully performed all the terms of his contract,

and had fully paid Delin for the construction of said ditch. The material allegations of the answer were put in issue by the reply. The cause was tried to a jury and upon the trial, defendant objected to the introduction of any testimony upon the ground stated in his demurrer, and later during the trial raised the same objection by motion for nonsuit, and by motion for a directed verdict. Plaintiff had verdict, and from the judgment entered thereon defendant appeals, assigning as error the overruling of the demurrer to the complaint, the refusal of the court to sustain said motions and other matters hereinafter referred to.

1, 2. Defendant contends that the offer of plaintiff to furnish goods to Delin, if defendant would pay for them, and defendant's acceptance of the offer and promise to pay plaintiff the "price" thereof, was too vague and indefinite to constitute an enforceable contract. To form the basis of a legal obligation, an offer must be so complete that upon acceptance, an agreement is formed which contains all the terms necessary to determine whether the contract has been performed or not: 1 Page on Contracts, § 95; *Butler v. Kemmerer,* 218 Pa. 242 (67 Atl. 332).

3, 4. But where there has been an attempt to enter into a contract which is unenforceable, because of its being too vague and indefinite, either party who has paid money or furnished something of value under such contract, may recover the reasonable value thereof from the party to whom they were furnished: 1 Page on Contracts, § 107. Delivery to a third party at the request of the one to whom the goods were furnished would not change the rule. The promise alleged in the complaint that defendant would pay the "price" of the goods, upon delivery thereof to Delin, if he made such promise, we think was sufficiently

definite and certain to make the contract enforceable as to all goods delivered to Delin under said contract, as obviously it was intended by the parties that defendant should pay the reasonable value of all goods that were delivered to Delin under the contract. This demurrer, however, presented a more serious question than the mere sufficiency of the contract itself.

5. One of the ultimate facts necessary to be alleged in order to constitute a cause of action based upon an agreement to pay for goods delivered to a third party is the reasonable or agreed value of the goods which were delivered under the contract. There is no direct allegation in this complaint that any goods were delivered under the contract, but there is an allegation that Delin procured goods under the contract, and this we deem to be a sufficient allegation of the delivery of the goods, although it was not good pleading to plead that fact in that way. There is, however, no allegation in the complaint of any reasonable or agreed value of the goods that were furnished under the contract, nor is there any fact alleged that the value of the goods furnished was agreed to by the parties, or that the goods so furnished were of any reasonable value whatever. There is an allegation that certain sums have been paid, and that this left a balance due and owing in a certain sum, no part of which has ever been paid, and that this balance is due and owing from the defendant to plaintiff.

6, 7. These latter allegations are mere conclusions of law, and there is no fact alleged from which these conclusions can be drawn. For that reason, we think that there was a lack or want of allegation of one of the ultimate facts necessary to be stated in order to constitute a cause of action. The objection that a complaint does not state facts sufficient to constitute a cause of action, or that the court does not have jur-

isdiction over the subject of the action, is not cured by pleading to the merits (Bliss on Code Pleading, § 413), and may be raised, even though no demurrer was filed, and even for the first time upon appeal.

8. Defendant assigns as error the giving of instruction No. 9, to the effect that if the jury should find "that the goods furnished Delin were used in ditch construction for the defendant" and "were necessary for such construction," then "you may consider this fact in arriving at a conclusion as to whether the defendant made the agreement alleged in the complaint." The fact of whether the defendant entered into any agreement with plaintiff concerning the purchase of any goods by himself or Delin was put in issue by the pleadings, and was a matter in dispute under the evidence. Plaintiff offered evidence tending to show that just before delivering any goods to Delin, Delin requested the plaintiff to extend him credit for goods, which was refused, and that upon defendants being notified thereof, defendant requested plaintiff to furnish the goods to Delin, and promised and agreed to pay for them, and that the goods were furnished under that agreement and upon the sole credit of defendant. Defendant denied ever having made any contract whatever concerning the same. The evidence showed, and it was not disputed, although an attempt was made to explain it, that the goods were furnished to Delin and charged to him upon plaintiff's books; that statements were rendered to Delin, and not to defendant, until long after defendant's contract with Delin had been completely performed, and Delin had been paid in full and had left the state, and that all payments made thereon had been made by Delin, and none by defendant. We think that it was error for the court to make the matters covered by this instruction, the test of

defendant's liability. In a sense, defendant had an interest in Delin's performance of his contract, and naturally would receive some benefit from it; but this was a matter for which he was paying the compensation that had been agreed upon, and a part. of that compensation was the cost of the goods which Delin had agreed to pay out of what he was to receive under the contract. The mere fact, therefore, that defendant was interested in some degree in the performance by Delin of his contract, and that by its performance, he would derive some benefit, was not a test of defendant's liability. If liable at all, defendant was liable because he had made a direct, contemporaneous, unconditional agreement with plaintiff, to pay for goods for which Delin was to receive the benefit, for the payment of which both plaintiff and defendant intended that defendant should be liable in the first instance, and as an original promisor. Whether that was the intention of the parties, would depend upon the language of the promise, if one was made, the situation of the parties, and all of the circumstances surrounding the transaction. Defendant's indirect interest in Delin's performance of his contract was a matter which the jury was entitled to consider, not for the purpose of determining whether a contract had been entered into between defendant and plaintiff, but for the purpose of interpreting the contract, if the jury found that a contract had been entered into. The court permitted the jury to consider this supposed interest as a factor in determining whether a contract had been entered into or not, without at the same time charging that that fact could not be considered by the jury unless they first found that a contract between plaintiff and defendant had actually been entered into, and then only for the purpose of determining whether the parties intended by

the promise, if made, that the defendant should become a mere *surety or guarantor of Delin, or was making an unconditional and unqualified promise to pay for the goods.

9. We think also, that it was error for the court to admit testimony showing that Delin lost money in the performance of his contract; that matter could not in any way affect the rights of the parties to this litigation, and was wholly immaterial for any legitimate purpose of the case. For the reasons stated, the judgment appealed from will be reversed, and the cause will be remanded to the court below for a new trial, with permission to the plaintiff to amend its complaint, and for such other and further proceedings as are not inconsistent herewith.

REVERSED AND REMANDED.

McBRIDE, C. J., and BURNETT and COSHOW, JJ., concur.