Argued October 30, affirmed November 16, 1972

OSBURN, *Appellant, v.* LUCAS, *Respondent.*

502 P2d 1382

*A. Duane Pinkerton II,* Burns, argued the cause for appellant.

*Douglas A. Shepard,* Madras, argued the cause and filed the brief for respondent.

TONGUE, J.

This is an action at law for payment of a $6,000 check. Defendant pleaded affirmative defenses, including allegations that when the check was delivered it was agreed that it would not be presented for payment by plaintiff until authorized by defendant and that plaintiff later released defendant from any such obligation.

After a jury verdict and judgment in favor of defendant, plaintiff appeals. Plaintiff's primary contention is that the trial court erred in failing to sustain plaintiff's objection to defendant's testimony that at the time the check was delivered it was orally agreed that it would not be paid if defendant did not receive money from California and call plaintiff and tell him the money was in the bank and in refusing plaintiff's motion to strike such testimony.

In plaintiff's opening case plaintiff testified that in April 1967 he had leased a ranch to defendant and her husband under a written five year lease requiring semi-annual payments of $6,000 and that when the payment due in March 1968 was not paid he went to see defendant and her husband.

Plaintiff also testified that defendant and her husband told him that they didn't have the money and that at the time of the delivery of the $6,000 check they said that "it wasn't good"; that "* * * as soon as they got the money in the bank, it would be just a few days, that I could clear the check * * *;" and that "they would let [him] know when it was good." Plaintiff testified that he then took the check to the bank, which "gave it back" to him and that he then talked to defendants "about the check and making it good" and they said that it would be "just a few days" and that

they would let him know when the money was in the bank, but never told him "that the check was good and that [he] could go to the bank and cash it."

In addition, plaintiff testified that he later retook possession of the farm and that later, in order to clear the title to the farm, he and defendant both signed a release under which he agreed "to release Lucas from any and all obligations, and the terms and conditions" of the previous lease. At that time, according to plaintiff, there was no mention of the check.

When, however, defendant's husband undertook to give his version of the conversation at the time of the delivery of the check plaintiff objected on the ground that such testimony would violate the parol evidence rule. Upon the overruling of that objection, however, he testified that when plaintiff came to collect the rent and after telling plaintiff that defendant didn't have the money, "he said he needed the check to show the bank that I owed him the money. And that I would pay later. And that's why the check was never dated. And I told him that—when I got the money that I would let him know, and we would date it and that was agreeable with him."

Defendant's husband also testified that he later talked again with plaintiff and told him that if he didn't get the money plaintiff could have all the hay stacked on the ranch "and we'll call it square" and that plaintiff said "[t]hat's agreeable"; and that when plaintiff, after retaking possession of the farm, including the stacked hay, requested defendant and her husband to sign the lease release they understood that the release of all of their obligations under the lease

included the check, because "the hay called the check square."

At the conclusion of the trial plaintiff moved to strike all the testimony "* * * concerning oral or parol evidence beyond the scope of testimony for want of consideration * * *."

It is at least arguable that any error in the testimony given by defendant's husband relating to the conversation at the time of the delivery of the check was invited by testimony previously given by plaintiff on that same subject. See *Kitchin v. Oregon Nursery Co.*, 65 Or 20, 23, 130 P 408, 130 P 1133, 132 P 956 (1913). Aside from that question, we hold that such testimony was not inadmissible by reason of the parol evidence rule, ORS 41.740.

It is well established in Oregon that the parol evidence rule does not exclude evidence of prior oral understandings that a written agreement is not to become effective until the happening of some condition precedent. Cf. *DeGraw v. Grindrod*, 189 Or 684, 689, 222 P2d 649 (1950); *J & J Construction v. Mayernik*, 241 Or 537, 539, 407 P2d 625 (1965). See also 1 Restatement 340, Contracts § 241; 4 Williston on Contracts (3d ed 1961) 102, § 634, and 3 Corbin on Contracts 530, § 589 (1960). The testimony given by defendant's husband, as well as that given previously by plaintiff, falls within this rule.

We have also considered plaintiff's remaining assignment of error, that the court erred in denying his demurrer to defendant's first separate answer and affirmative defense, and find that it has no merit.

Affirmed.