Argued April 20, reversed and remanded September 18, 1978

AMERICAN STATE BANK, *Respondent,*
*v.*
RICHENDIFER, *Appellant.*
(No. 167-240, CA 9743)

584 P2d 323

James A. Cox, Lake Oswego, argued the cause and filed the brief for appellant.

John Toran, Jr., Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

THORNTON, J.

## THORNTON, J.

The sole issue on appeal is whether the trial court erred in sustaining plaintiff's demurrer to defendant's affirmative defenses.

Plaintiff's amended complaint alleged: (1) that on September 9, 1976, defendant made and delivered to one Jack Diamond a check in the amount of $760; (2) that plaintiff took the check from Diamond for value, in good faith and without notice of any defenses against it; (3) by reason thereof plaintiff was a holder in due course; and (4) that said check was dishonored for lack of funds by defendant's bank. Defendant answered by: (1) admitting the making and delivery of the check; (2) denying that plaintiff took the check in good faith, without notice of any defenses so that plaintiff was a holder in due course; and (3) affirmatively alleging as defenses that any debt between Diamond and defendant had been paid, and that negotiability of the instrument was conditioned on further authorization from defendant which Diamond did not receive prior to endorsing and depositing the check to his account.

The trial court sustained plaintiff's demurrer to defendant's two affirmative defenses. Defendant then filed a written notice stating that she declined to plead further or "participate in a trial on the issues which can be raised under the pleadings as they now exist." Judgment was then entered for plaintiff.

The Uniform Commercial Code places the burden on the defendant to establish her defenses. ORS 73.3070(2) provides:

"When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense."

Plaintiff alleged that it was a holder in due course, which was denied by defendant. The allegation of "in due course" was premature under the statute.

[ 201 ]

Nevertheless, it was not moved against and defendant's denial put that fact in issue. As already noted, however, defendant chose not to go to trial on that issue after her two defenses were removed from the case. Defendant asserted two defenses, which would require plaintiff to allege that its holding was in due course, *i.e.,* that it took the instrument for value, in good faith and without notice of any defense against it. ORS 73.3020(1).[1] Thus, if defendant establishes either of her defenses, and plaintiff is unable to establish its status as a holder in due course, ORS 73.3060 provides that it is subject to defenses available in an action on a simple contract and the defense of nonperformance of any condition precedent.[2]

■ Defendant's first affirmative defense is that she and Diamond had an agreement that the check would not be deposited until Diamond received further authorization from defendant. Evidence of this agreement would not run afoul of the parol evidence rule, *see, Osburn v. Lucas,* 263 Or 480, 483, 502 P2d 1382 (1972), and, if established, would constitute a valid defense to plaintiff's claim if plaintiff fails to prove that it is in fact a holder in due course. ORS

---

[1] Plaintiff asserts that defendant's pleading is inadequate because she does not allege that plaintiff had notice of any defense as part of her affirmative defense. Defendant's assertion of affirmative defenses, however, is sufficient to place the question of notice in issue, because once a defense is shown to exist, the burden is on the plaintiff to establish its status as a holder in due course, which includes proving that it took the instrument without notice of any defenses. ORS 73.3070(3); *Community Bank v. Ell,* 278 Or 417, 564 P2d 685 (1977); *Medak v. DePrez,* 236 Or 31, 386 P2d 805 (1963).

[2] ORS 73.3060 provides:

"Unless he has the rights of a holder in due course any person takes the instrument subject to:
"* * * * *

"(2) All defenses of any party which would be available in an action on a simple contract; and

"(3) The defenses of want or failure of consideration [or] nonperformance of any condition precedent * * *."

73.3060(3).[3] The trial court erred in sustaining plaintiff's demurrer as to the first affirmative defense.

■ Defendant's second affirmative defense alleges that "[a]ny indebtedness from the defendant to Jack H. Diamond has been fully paid." This allegation is sufficient to withstand scrutiny under a general demurrer, although it may be subject to a motion to make more definite and certain. *Cf., Medford Furniture etc. Co. v. Hanley,* 120 Or 229, 250 P 876 (1926). Therefore, plaintiff's demurrer to defendant's second affirmative defense should not have been sustained on this count as well.

Reversed and remanded.

---

[3] Plaintiff argues that this is not a valid defense because under ORS 73.1050(1) (a) implied or constructive conditions do not affect negotiability. Negotiability, however, is not the issue in this case, but rather the issue is whether the agreement between defendant and Diamond was known to plaintiff thereby precluding plaintiff from availing itself of holder in due course status.