Submitted on ·briefs July 5, affirmed October 25, 1921.

## VINCENT *v.* RUSSELL.

(201 Pac. 432.)

**Evidence—Testimony That Note was to Become Binding Only if a Certain Payment Made Held Admissible.**

1. In an action on a note, evidence that it was manually delivered to the payee, but was not to become a binding obligation, unless the purchaser of defendant's ranch made a certain payment to defendant for the payee's benefit, *held* admissible.

**Evidence—Testimony of Want of Consideration Admissible.**

2. In an action on a note, evidence that it was not to become a binding obligation, except on certain payments being made by a third party, *held* admissible as showing want of consideration.

**Evidence—Parol Evidence That Note is to Become Binding Only in a Certain Event Admissible.**

3. Parol evidence is admissible to show that a negotiable note, absolute in form, although manually delivered to the payee, was not to become a binding obligation, except upon the happening of a certain future event, especially if such event affects the consideration, in view of Section 713, subdivision 2, Or. L., and Section 798, subdivision 3.

From Crook: T. E. J. Duffy, Judge.

In Banc.          Affirmed.

For appellant there was a brief over the names of *Mr. M. R. Elliot, Mr. F. B. Sharpstein, Mr. N. G. Wallace* and *Mr. Donald M. Graham.*

For respondent there was a brief over the name of *Mr. Jay H. Upton.*

BEAN, J.—Plaintiff appeals from a judgment in favor of defendant rendered upon the verdict of a jury. The complaint is based upon a promissory note

---

1. On admissibility of parol evidence to show that a bill or note was delivered upon condition, see notes in 3 Ann. Cas. 560; 15 Ann. Cas. 669; Ann. Cas. 1912D, 1308; Ann. Cas. 1917D, 1049; 18 L. R. A. (N. S.) 288 and L. R. A. 1917C, 306.

Oct. 1921.] VINCENT v. RUSSELL. 673

for the sum of $5,000, dated at Prineville, Oregon, April 18, 1918, due November 5th, after date, payable to the order of A. A. Piper in the usual form, signed by J. H. Russell, indorsed to Paxton Brothers, a corporation, May 15, 1918, and on the same date indorsed to Baker & Boyer National Bank, and on March 18, 1919, indorsed to plaintiff, Henry H. Vincent. Each indorsement is alleged to be for value received in due course of business.

Defendant answered denying the allegations of the complaint, and further pleaded an entire want of consideration for the note; that the note was not intended for a promissory note, but merely as a memorandum of the money that would be payable to Piper and Paxton upon the completion of a certain sale contract, and therefore no stamp, tax, or internal revenue stamp was placed thereon or canceled as required by law; that the note is irregular on its face; and that the holders thereof took the note subject to all defenses existing between defendant and the original payee. The answer set forth all the details of the transaction. The reply put in issue the new matter of the answer.

The circumstances relating to the note, as shown by the record, are substantially as follows: On March 5, 1918, defendant arranged with A. A. Piper and J. A. Paxton of Walla Walla, Washington, to sell his ranch, livestock, and certain personal property for the sum of $276,900, for a commission of $5,000. Piper and Paxton represented that they had a buyer for the property, one Claud M. Stewart, and requested defendant to name a price of $286,900 to Stewart and pay the added sum of $10,000 to Piper and Paxton as additional compensation. Stewart was

to pay $40,000 as an initial payment, and $46,900 on November 1, 1918, and the balance on terms. Defendant was to pay Piper and Paxton the additional compensation of $10,000 upon payment to the defendant of the second installment of $46,900, due November 1, 1918, and not otherwise. The deal was made upon those terms. The first payment of $40,000 was made April 18, 1918, and the commission of $5,000 paid. Piper and Paxton asked of defendant an evidence in writing that they would be entitled to receive the additional $10,000 upon payment of the $46,900 due upon the purchase price November 1, 1918. Defendant agreed to give them such an instrument in writing with the promise that no moneys would be due to Piper and Paxton unless Stewart paid the next installment. Thereupon Piper drew up two promissory notes, each for the sum of $5,000, one of which is set out in the complaint. The notes were to mature November 5, 1918. Piper represented to the defendant that the notes would not be transferred, negotiated or assigned, and would not become due or payable unless Claud M. Stewart made his next payment of $46,900 on November 1, 1918. Stewart failed to make the payment of $46,900, and abandoned the contract. J. F. Paxton is one of the stockholders and managing officers of the Paxton Brothers Company, and knew the circumstances in regard to the deal, and was interested therein. The indorsement to Baker and Boyer National Bank was made for collection, and the indorsement to Harry H. Vincent, plaintiff, was not made for value or in due course of business.

Upon the trial defendant Russell testified in his own behalf in regard to the note sued on, in part as follows:

"Q. Just tell the jury now, Mr. Russell, what that note represents and the circumstances under which it was given.

"A. This note was given for a half of $10,000 that was to be paid by me to Piper & Paxton on the 5th day of November, 1918, after Stewart Bros. paid me $46,900 and six months' interest."

Counsel for plaintiff moved to strike out this testimony, and saved an exception to the overruling of the motion. Russell further testified, over the objection of defendant, thus:

"Q. Referring again, Mr. Russell, to this particular note and the circumstances under which it was executed, may I ask you this, whether or not the money represented by this note was commissions to be paid to Piper and Paxton on this real estate deal, or did it represent some other item of consideration?

"A. It represented some other consideration.

"Q. Well, what was it?

"A. That the money, this $10,000 came from Stewart Bros. I merely handling this to get them their $10,000, so that it did not fall on Piper and Paxton at Walla Walla.

"Q. That $10,000, as I understand, was money they were charging their clients for making this deal, and not taking it out of you?

"A. Yes, sir, that is it.

"Q. And you were to pay it into them when the money was paid in through your hands on the deal?

"A. Yes, sir.

"Q. Was that $10,000 ever paid you by Stewart Bros.?     A. No, sir.

"Q. Was any part of the $46,900.00 ever paid you by Stewart Bros.?     A. No, sir.

"Q. Or by Claude M. Stewart?     A. No, sir."

Russell also testified that when Piper and Paxton brought the party over to buy the ranch the first thing they told Russell was:

"Now, we have this party, but don't you say anything about the price. You make that $285,000.00 and you can hold us out our $10,000. We don't want them to know it and we don't want them to know your price."

Russell also stated that:

"Then when Stewarts threw up the ranch in November, Mr. Piper came down here, and I asked him, 'What are you going to do about this note,' right in front of Michel's store. He said, 'We will just let that go, you will not need to pay that note.' "

At the close of the case counsel for plaintiff requested the court to direct a verdict in favor of plaintiff, which was refused and an exception reserved. The objections and motion to strike out the main portion of defendant's testimony, and the request for a verdict in favor of plaintiff raise the question as to the right of defendant to make the defense offered to the note. The motion to strike was based upon the grounds that the note "is a direct promise to pay on its face without any contingency annexed whatever. It is not made payable upon the happening or non-happening of any event, to happen in the future. It is payable on a specific date," and any evidence that the note was only to be paid upon the contingency of Stewart paying Russell a certain sum of money was incompetent.

1, 2. We think the testimony challenged was admissible. It tended to show that the note was manually delivered to Piper, the payee, but was not to become a binding obligation unless Stewart paid to Russell the $10,000, which was added to the price of the ranch, for the benefit of Paxton and Piper, and which Russell was only to handle for them. The testimony objected to also indicated that there was an

entire want of consideration for the note. It is not contended upon this appeal, as we understand the record, that the evidence fails to show that the plaintiff was not a holder in due course.

3. The rule sanctioned by a practically uniform line of authorities is that parol evidence is admissible to show that a negotiable note, absolute in form, although manually delivered to the payee, was not to become a binding obligation except upon the happening of a certain further event, since such evidence does not vary or alter the instrument, but tends merely to show that it never became a valid undertaking. Especially is this the rule if such event or contingency affects the consideration of the note: Section 713, subd. 2, and Section 798, subd. 3, Or. L.; *La Grande Nat. Bank* v. *Blum,* 26 Or. 49 (37 Pac. 48); *Colvin* v. *Goff,* 82 Or. 314, 325 (161 Pac. 568); L. R. A. (N. S.) 1917C, 300, and note pp. 306, 409 et seq.; note 18 L. R. A. (N. S.) 288; *McKnight* v. *Parsons,* 136 Iowa, 390 (113 N. W. 858, 125 Am. St. Rep. 265, 15 Ann. Cas. 665, 22 L. R. A. (N. S.) 718); *Lavalleur* v. *Hahn,* 152 Iowa, 649 (132 N. W. 877, 39 L. R. A. (N. S.) 24). The following cases support this rule:

It was held in *Smith* v. *Dotterweich,* 200 N. Y. 299 (93 N. E. 985, 33 L. R. A. (N. S.) 892), that parol evidence is admissible to show that a note given in payment of the premium on a life insurance policy was not to take effect as a valid and enforceable obligation unless the maker should be furnished with a loan of money.

In *Holt* v. *Gordon* (Tex. Civ. App.), 176 S. W. 902, it was ruled that parol evidence is admissible to show that, at the time the note was executed, it was agreed in parol that it should not become operative and bind-

ing unless the maker should succeed in procuring a loan upon certain land owned by him.

We find the rule again in the case of *Equitable Trust Co.* v. *Halpert,* 132 N. Y. Supp. 776, that parol evidence is admissible in an action on a written instrument to show that the instrument would only be enforceable if the payee would issue a life insurance policy to the maker, entirely satisfactory to him, and this whether the instrument in question is a negotiable instrument or non-negotiable.

In *Newgass* v. *Shulhof,* 128 N. Y. Supp. 664, parol evidence was held to be admissible to show that a note was delivered to the payee upon condition that it should not become effective unless the maker received a certain sum from a transaction then pending.

It was held in *Stoughton* v. *Chu Fong,* 130 N. Y. Supp. 228, that an answer that the note sued upon would have no validity whatever until a certain institution was established, and that no such institution was ever established, pleads a condition precedent to the validity of the note, and a complete provable defense.

To the same effect is the case of *Hughes* v. *Crooker,* 148 N. C. 318 (62 S. E. 429, 128 Am. St. Rep. 606), holding parol evidence admissible to show that a note was signed upon the inducement that the payee would perform certain obligations and that until the maker or his son should sign a paper signifying that the payee had performed his obligation, the entire transaction was unfinished. The action in this case was by the maker against the payee, who had negotiated the note, which the maker had been compelled to pay, and was for the purpose of recovering the amount so paid by him.

It was held in *Garrison* v. *J. I. Case Threshing Mach. Co.,* 159 N. C. 285 (74 S. E. 821), that parol evidence is admissible to show that a note secured by a mortgage was not to take effect until it was determined that an engine for which the note ·was given would pass a certain test. The action was brought to recover damages for the sale of the land under the mortgage.

See, also, Daniel, Negotiable Instruments (6 ed.), § 81a; *Gamble* v. *Riley,* 39 Okl. 363 (135 Pac. 390); *Street* v. *J. I. Case Threshing Mach. Co.* (Tex. Civ. App.), 188 S. W. 725; *Ware* v. *Allen,* 128 U. S. 590 (32 L. Ed. 563, 9 Sup. Ct. Rep. 174, see, also, Rose's U. S. Notes).

We think the testimony complained of was properly admitted, and that the refusal to direct a verdict for plaintiff was correct.

It is contended by plaintiff that the testimony to which the motion was directed was of a different purport than the later testimony of Russell, which more fully explained the transaction. If this claim is correct, then it was a question for the jury to determine as to what Russell meant, or which portion of his testimony was true. His version of the affair should be taken altogether.

*Wilson* v. *Wilson,* 26 Or. 251 (38 Pac. 185), is cited and relied upon by plaintiff in support of the motion to strike out a part of the testimony. That was a case in which the defense offered to the note involved unsettled partnership mining affairs which it was held should have been settled in a suit in equity. The note there involved was given by one partner for money which had been advanced for the partnership business by the other partner who retired from the partnership at the time ·the note was executed.

The court, after discussing the partnership question, said:

"So it would appear that an action at law is maintainable by one partner against another upon a promissory note executed by the one to the other involving particular items or transactions of the partnership business, upon the ground that the giving of the note is an isolation or separation of the particular matter from the general partnership account, and that an accounting and final settlement of the partnership affairs is not necessarily involved in such action; that the execution of the note is such an acknowledgment of isolation or elimination of the particular transaction from the general partnership account as that the maker will be estopped at law from questioning the holder's right of action thereon."

That case differs from the one in hand.

We find no error in the record. The judgment of the Circuit Court is affirmed.                    AFFIRMED.

Submitted on briefs July 5, modified October 25, 1921.