Argued January 24, affirmed March 26, 1929.

O. W. EASTHAM *v.* SHELTON BECHTEL ET Ux.

(275 Pac. 670.)

For appellant there was a brief over the names of *Mr. M. B. Bump* and *Messrs. Reeder & Eastham,* with an oral argument by *Mr. O. W. Eastham.*

For respondent there was a brief over the name of *Messrs. Hare, McAlear & Peters,* with an oral argument by *Mr. R. F. Peters.*

RAND, J.—This action was brought to recover for professional services and also to enforce payment of two promissory notes. The complaint sets forth six separate causes of action. The first four are causes of action for the recovery of attorneys' fees and are based upon services performed for defendants by

plaintiff's firm in representing defendants in various lawsuits and for legal services in respect to other matters. These claims were assigned to plaintiff and plaintiff sought to recover the reasonable value of the services. The two notes were executed by defendants. One was made payable to the order of plaintiff's firm and was indorsed to plaintiff and the other was payable to the order of plaintiff.

The answer admitted the performance of the services and that they were of the value alleged in the complaint, but alleged, as a defense thereto, that the services were performed by plaintiff in fulfillment, upon his part, of an illegal contract which had been entered into between plaintiff and defendant, Shelton Bechtel, by the terms of which plaintiff had agreed to perform the services without making any charge therefor in consideration of Bechtel's assisting him in executing the illegal contract. As a defense to the two notes sued on, defendants alleged that they were both accommodation notes; that no consideration had been given therefor; that they were executed for the accommodation of plaintiff so that he might use them as collateral security to borrow money and had been delivered to him with the express understanding that defendants would not be called upon to pay the same, or any part thereof. Issue was joined as to all of said matters by the reply and the cause was tried to a jury.

Evidence was offered by defendants on the trial tending to show that plaintiff and one Albright had prepared and caused to be circulated, for signatures, initiative petitions ostensibly for the purpose of having them filed with the secretary of state so that they could go upon the ballot, but actually for the purpose

of extorting money for having them suppressed and not filed with the secretary of state from parties who would be injuriously affected should the proposed legislation be enacted. The proposed measure was one which, if voted upon and adopted, would have materially reduced the rate of interest collectible upon all interest-bearing demands payable within the state. The evidence of defendants also tended to show that, to enable the plaintiff to carry out his fraudulent purpose, he entered into an agreement with defendant, Shelton Bechtel, that he would perform for Bechtel all legal services that he might require for four years without charge if Bechtel would make a proposal to his banker and, through such banker, to the banking associations of the state that plaintiff would withdraw said petitions from circulation and prevent the proposed measure from going upon the ballot if the banks would pay him the sum of $25,000 for doing so; and that, pursuant to said illegal agreement, Bechtel did submit said proposition to this banker, who called it to the attention of an association composed of the bankers of the state. Defendants also offered evidence tending to show that the services sued for were performed by plaintiff within the four-year period and were the services which plaintiff had agreed to perform without charge in consideration of Bechtel making said proposal to his banker.

1. There can be no doubt about the illegality of the contract alleged in the answer. The use by any one of the means provided by law for the direct exercise of the legislative power by the people of the state, through the initiative powers reserved to them by the Constitution, for the purpose of extorting money from those who would be affected by the enactment of a

proposed law under the threat that, unless a monetary consideration was paid to them, the proposed measure would be filed and voted upon, accompanied with a promise that if the money was paid the measure would be suppressed, is, in its very nature, criminal. It would be an unwarrantable and unjustifiable interference with the due course of legislation. Any agreement between individuals to carry out or aid in carrying out any such purpose would be injurious to the public welfare and, for that reason, it would be against public policy. Such agreement would, therefore, be illegal and void.

2. While plaintiff denied that he entered into any such contract, the testimony in respect thereto was conflicting. On that question the defendants offered testimony, which, if believed, was sufficient to warrant the jury in finding that the contract was entered into as alleged in the answer. The question of whether plaintiff did enter into the contract with the defendant, Shelton Bechtel, and did perform the services sued for in fulfillment of that contract was fairly submitted to the jury under instructions to which no objection was made or exception taken. It is not claimed that there was any error of the court in the admission of testimony in respect thereto. These questions, therefore, are settled by the verdict of the jury. Where there is no reversible error a verdict founded on conflicting oral testimony cannot be set aside by the court.

3. Plaintiff contends, however, that, notwithstanding the jury found that the services sued for were performed under an illegal agreement, which, by its terms, required the plaintiff to perform the services without charge, he should be permitted to recover

on *quantum meruit,* for the reason that there was nothing illegal upon his part in the performance of the services and he was not compelled to resort to the illegal agreement in making out his case, or, as plaintiff expresses it in his brief, he "can exhibit his case without relying on the illegal transaction." This contention cannot be sustained. Plaintiff cannot recover under the circumstances found by the jury. In support of his contention, plaintiff cited 13 C. J. 502, Section 445, which, so far as applicable here, reads as follows:

"An agreement will be enforced, even if it is incidentally or indirectly connected with an illegal transaction, provided it is supported by an independent consideration, or if plaintiff will not require the aid of the illegal transaction to make out his case. But if plaintiff in establishing his case is compelled to resort to the illegal contract no recovery can be had. In order to make out a cause of action without referring to the illegal contract, plaintiff will not be permitted to refer to a portion only of the contract on which he proposes to found his right, but the whole of the contract must come in; and of course defendant is not precluded from setting the illegal phases of the contract up in defense."

In his complaint, plaintiff alleges that he performed the services at the special instance and request of defendants. In order for plaintiff to recover the reasonable value of the services performed, it was necessary for him to show not only that he performed the services and the reasonable value of them but also that they were performed at the special instance and request of defendants, which means that they were performed under some contract or agreement, express or implied, that had been entered into between plaintiff and defendants in respect to such

services. That being so, under the very authority which he cites in support of his contention, he "will not be permitted to refer to a portion only of the contract on which he proposes to found his right, but the whole of the contract must come in," and, when the whole of the contract does come in, the illegal contract under which the services were performed appears and it was wholly immaterial whether the action is to recover on *quantum meruit* or for a stipulated sum. Plaintiff could not defeat the rule which prohibits a recovery in this case by merely proving performance of the services and the reasonable value of the services for if he did not prove the whole contract under which the services were performed, under the same authority cited: "of course defendant is not precluded from setting the illegal phases of the contract up in defense." The rule forbidding recovery under the circumstances disclosed in this case is stated in *Lanhan* v. *Meadows,* 72 W. Va. 610, 611 (78 S. E. 750, 751, 47 L. R. A. (N. S.) 592, 595), as follows:

"Having shown an apparently valid debt by the introduction of the notes of the defendant and proof of payment of indebtedness for her and at her request, the plaintiff denies the right of the defendant to set up her own immoral and illegal relation with him as a consideration for the moneys paid to her and for her, on grounds of public policy. This position is untenable. The consideration for the payment of the money is part and parcel of the transaction, and if it could not be given in evidence to defeat the action, money paid upon an illegal consideration could always be recovered back in violation of that principle of public policy which forbids it. In order to evade this principle of law, it would only be necessary to prove one side of the contract. That illegal-

ity of the consideration may be set up as a defense to a debt *prima facie* valid is well settled by authority.''

As stated by the author in 2 Page on Contracts (2 ed.), Section 1103:

'' * * If the plaintiff is obliged to rely upon an illegal transaction, he cannot recover by the simple expedient of omitting, in his declaration, all reference to the facts which make the transaction illegal. In such case the defendant can set up such facts. It is not the question of the form in which plaintiff states his case or the judicious selection of evidence which he makes that determines his right to recover, but of the essential facts on which the plaintiff bases his case without regard to whether he wishes to disclose such facts in their entirety or not.''

A question similar to the one involved here was considered in *Taylor* v. *Chester,* 4 Q. B. 307, 313, where the court said:

''On the part of the plaintiff it was argued that it was the defendant who was relying on the illegal transaction as an answer to a claim of the plaintiff, founded on his ownership of the note, and his rights to recover back the same, and many startling consequences were pointed out to us as likely to result from a decision that the plaintiff could not recover. We have fully considered the case, and are satisfied that the plaintiff cannot recover under the circumstances found by the jury, and admitted on the record. The maxim that '*in pari delicto potior est conditio possidentis*' is as thoroughly settled as any proposition of law can be. It is a maxim of law, established, not for the benefit of plaintiffs or defendants, but is founded on the principles of public policy, which will not assist a plaintiff who has paid over money or handed over property in pursuance of an illegal or immoral contract, to recover it back, 'for the courts will not assist an illegal transaction in any respect:' per Lord ELLENBOROUGH in *Edgar* v. *Fowler,*

3 East, 222; *Collins* v. *Blantern,* 2 Wils. 341; Lord MANSFIELD in *Holman* v. *Johnson,* Cowp. 343.

The true test for determining whether or not the plaintiff and the defendant were *in pari delicto,* is by considering whether the plaintiff could make out his case otherwise than through the medium and by the aid of the illegal transaction to which he was himself a party: *Simpson* v. *Bloss,* 7 Taunt. 246 (E. C. L. R. vol. 2); *Fivaz* v. *Nicholls,* 2 C. B. 501 (E. C. L. R. vol. 52). It is to be observed that in this case the illegality is not in a collateral matter, as in the case of *Ferret* v. *Hill,* 15 C. B. 207 (E. C. L. R. vol. 80), 23 L. J. C. P. 185, which was cited for the plaintiff; but is the direct result of the transaction upon which the deposit of the half-note took place.''

In *Coppell* v. *Hall,* 7 Wall. (U. S.) 542, 558, (19 L. Ed. 244), the court, through Mr. Justice SWAYNE, said:

''Whenever the illegality appears, whether the evidence comes from one side or the other, the disclosure is fatal to the case. No consent of the defendant can neutralize its effect. A stipulation in the most solemn form to waive the objection would be tainted with the vice of the original contract, and void for the same reasons. Wherever the contamination reaches it destroys. The principle to be extracted from all the cases is, that the law will not lend its support to a claim founded upon its violation.''

4. While Shelton Bechtel was on the witness-stand testifying in his own behalf, he testified that plaintiff, in explaining to him the nature of the illegal transaction he was attempting to perpetrate and in furnishing to defendant the information necessary for him to understand the transaction and to be prepared to present plaintiff's proposal to defendant's banker, exhibited to him three copies of the ''Oregon Journal,'' a newspaper published at Portland, and

while so testifying copies of the three issues of the paper were offered and received in evidence over plaintiff's objection and exception. This is assigned as error. The three exhibits were shown to be facsimiles of those exhibited by plaintiff to defendant at the time of the interview in question. We do not think that it was error for the court to admit the three exhibits in evidence. They were competent evidence because plaintiff had used three other facsimile copies of the same edition of the paper in his explanation to defendant of what his plan was and what he wanted defendant to do.

5. It is also contended that the court erred in admitting parol evidence to show that the notes which were the basis of the fifth and sixth counts in the complaint were accommodation notes and given without consideration. We think that this evidence was properly admitted. The rule in respect thereto is stated in 8 C. J., pages 259, 260, as follows:

"The party for whose benefit accommodation paper has been made acquires no rights against the accommodation party who may set up the want of consideration as a defense to an action by the accommodated party, since as between them there is no consideration, a fact which is always a defense to a suit on negotiable paper between the immediate parties."

See, also, *Vincent v. Russell*, 101 Or. 677 (201 Pac. 433, 20 A. L. R. 417).

From a careful examination of the record in this case, we find that no error was committed in the trial of the cause. For that reason the judgment must be affirmed.                                        AFFIRMED.

BELT, BROWN and ROSSMAN, JJ., concur.