Argued March 5, affirmed May 28, rehearing denied June 11, 1929.

## JOHNS–MANVILLE CORPORATION *v.* G. L. HECKART ET AL.

(277 Pac. 821.)

For appellant there was a brief over the name of *Messrs. Middlekauff & Huddleston,* with an oral argument by *Mr. C. M. Huddleston.*

For respondents there was a brief over the name of *Messrs. Weatherford & Wyatt,* with an oral argument by *Mr. Mark Weatherford.*

RAND, J.—This was an action on *quantum valebat* to recover $473.20, the balance of an account for goods sold and delivered by plaintiff to defendants. The answer alleged a warranty of the goods and claimed damages for breach of such warranty. The reply denied that plaintiff warranted the goods or that defendants had sustained any damage by reason of the alleged breach. During the trial of the cause and as a part of its case in chief, plaintiff offered in evidence a writing of which the following is a copy:

"Salesman's Order—Original.
"Johns-Manville Co.
"Nov. 19, 1926.
"Salesman—H. L. Hall.
"Charge to Heckart & Son.
"Address, Corvallis, Oregon.
"Ship to Heckart & Son, Address, Eugene, Ore.
"IMPORTANT—Unless otherwise specified all goods sold F. O. B. Point of Shipment.

| Quality. | Description. | Price. |
|---|---|---|
| 8000 lbs. | Akoustolith Plaster per ton F. O. B. Woburn, Mass. | $200.00 |

"(Signed) E. W. HECKART.
"Ordered on R. Gustavino Co. for direct shipment. F.
"Credit approved Feb. 7, 1927, R. E. H.
"Please enter order as above, subject to approval of your Credit Department. It is agreed that there are no promises, agreements or understandings not expressed on this form."

It offered proof tending to show that subsequent to the giving of the order, plaintiff made the two notations appearing thereon, to wit: "Ordered on

R. Gustavino Co. for direct shipment. F." and "Credit approved Feb. 7, 1927, R. E. H." and that, except for said notations, the order was in the same condition as when signed by defendants. As a part of their defense, defendants offered evidence tending to show that at and prior to the giving of the order plaintiff's salesman had warranted the quality of the goods and that the goods were not of the quality warranted and that by reason thereof defendants had sustained damages in excess of the amount claimed by plaintiff as the balance of the contract price. Plaintiff objected to the introduction of this testimony but its objections were overruled and defendants had verdict and judgment in the sum of $500, from which judgment plaintiff has appealed and assigns as error the admission of said testimony, claiming that the entire contract of sale was in writing and that parol evidence was not admissible to vary or contradict the terms of the writing.

■■ The general rule is that parol evidence cannot be received to contradict or vary the terms of a written contract, and that when an agreement is reduced to writing it must be considered as expressing the ultimate intention of the parties to it. Therefore, in the absence of fraud, parol evidence is not admissible to alter or modify the terms or legal effect of the written contract. Having reduced their contract to writing, the rights of the parties must be governed by and depend upon its terms as therein expressed irrespective of parol evidence of what was intended or what took place prior to or at the time of making the contract. There are exceptions, however, to this general rule which permit parol evidence of engagements collateral to or independent of the provisions expressed in the written agreement and not within its

terms, although made at the same time and affecting the rights of the parties in relation to the subject matter of the writing. In such cases, the contract is deemed only partially reduced to writing, and the collateral undertaking or stipulation exists in parol. The exception is stated by Mr. Greenleaf as follows:

"Nor does the rule apply in cases where the original contract was verbal and entire, and a part only of it was reduced to writing." 1 Gr. Ev. (16 ed.), § 284a.

As said by Mr. Williston:

" * * The principles applicable to contracts only partially reduced to writing find frequent application, and where the writing on its face does not appear to be a complete statement of the contract or the purchase, or is a mere memorandum or order as distinguished from a written contract, or is a promissory note which states that the note is given as the price of a chattel conditionally sold, the reason for applying the parol evidence rule is lacking and extrinsic evidence of a warranty is admitted." 1 Williston on Sales, 2 ed., § 215.

Section 713, Or. L., provides:

"When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be, between the parties and their representatives or successors in interest, no evidence of the terms of the agreement, other than the contents of the writing, except in the following cases: 1. Where a mistake or imperfection of the writing is put in issue by the pleadings; 2. Where the validity of the agreement is the fact in dispute. But this section does not exclude other evidence of the circumstances under which the agreement was made, or to which it relates, as defined in section 717, or to explain an ambiguity, intrinsic or extrinsic, or to establish illegality or

fraud. The term 'agreement' includes deeds and wills as well as contracts between parties.''

In the instant case there was no allegation by plaintiff that the terms of the agreement had been reduced to writing by the parties. The action was not brought on the writing but was an action to recover the reasonable and agreed value of the goods sold. Defendants, therefore, had no opportunity to put in issue any mistake or imperfection of the writing or to deny its validity, as they had no notice from the pleadings that the action was brought on the writing. The case, therefore, does not come within either of the two exceptions specified in the statute to the general rule set forth in Section 713, Or. L. The answer sets forth what defendants claimed was the actual contract entered into between the parties and it was only on the trial of the cause that the writing was introduced and thereafter that the contention was made by the plaintiff that there was a writing and that the writing contained all of the terms of the agreement. That it did not contain all of the terms of the agreement is clear from the testimony offered both by plaintiff and defendants. On its face the writing shows that the goods were sold f. o. b. point of shipment and, therefore, if the writing is to control, the defendants were to pay the freight from that point to the point of delivery at Eugene, but both the complaint and the evidence offered by plaintiff shows that that was not the obligation of defendants, for the complaint credits the defendants not only with the sum of $150, which was actually paid by defendants to plaintiff but also with the sum of $176.80, which the complaint alleges was the difference between rail and water freight on the ship-

ment. This difference between the two rates is not even referred to in the writing for the writing says: "Unless otherwise specified all goods sold f. o. b. Point of shipment," and also says: "F. O. B. Woburn, Mass." In that respect both under plaintiff's pleading and proof, the writing itself did not contain all of the terms of the contract between the parties. The writing involved here was merely an order for the goods which was subsequently accepted by plaintiff and complied with by a shipment of the goods. Except as to the price to be paid for the goods which is set forth in the contract and contradicted by the pleadings and proof of the plaintiff, the writing sets forth the obligations of the defendants but it does not set forth the obligations of the plaintiff. To that extent it shows on its face that it does not contain the entire terms of the contract. To render a writing an entire contract so as to exclude parol evidence of terms not contained in it, it must appear that it contains all of the material terms of the contract for if it does not and a material portion of its terms have to be supplied by parol then the entire omitted portions of the agreement may be proved by parol: *Ruff* v. *Jarrett,* 94 Ill. 475.

Under this state of the case the provision contained in the writing, which states: "It is agreed there are no promises, agreements or understandings not expressed on this form," is not controlling for the whole evidence of both plaintiff and defendants shows that that statement was not true. The case, therefore, we think comes within the rule applied in *Bouchet* v. *Oregon Motor Car Co.,* 78 Or. 230 (152 Pac. 888). See, also, *Hetrick* v. *Gerlinger Motor Car Co.,* 84 Or. 133 (164 Pac. 379), which in some respects is analogous to the instant case.

From an examination of the entire record, we find that the transaction was one where the original contract between the parties was verbal and entire and a part only of it was reduced to writing, which brought the case within the well-recognized exception to the general rule that when parties contract in regard to a certain matter and reduce their agreement to writing, the writing expresses their whole agreement in regard to that matter. For the reasons stated, the parol evidence rule referred to was not applicable and it was not error for the court to admit the parol evidence objected to.

For these reasons, the judgment is affirmed.

AFFIRMED. REHEARING DENIED.

BELT, McBRIDE and ROSSMAN, JJ., concur.