Argued June 2; affirmed July 5, 1933

# SUNNYSIDE LAND & INVESTMENT CO. *v.* CAMPBELL ET UX.

(23 P. (2d) 323)

*Lars R. Bergsvik,* of Salem, for appellant.
*Guy O. Smith,* of Salem, for respondents.

BELT, J. This is an action to recover a broker's commission alleged to have been earned by bringing about the execution of a written contract for the exchange of real property. The written instrument, which is the basis of plaintiff's action, provides for the exchange of property in Marion county owned by the defendants, for real property in the state of Washington owned by Irxinie Charvet and wife. In addition to the conveyance of their property, the Charvets agreed to pay to the defendants $10,000, $2,500 of which sum was to be paid in cash, $1,500 in 60 days from execution of contract, and the balance of $6,000 in monthly payments. It is also specified in the contract that the defendants are to pay the plaintiff the sum of $800 for services rendered as real estate broker. The Charvets were to pay a commission of $300.

Defendants in their answer deny the execution of the contract as alleged in the complaint and that they owe plaintiff any commission. As a further and separate answer it is alleged in substance that defendants signed a certain instrument providing for the exchange of their property, but that said instrument was placed with the plaintiff on the understanding and agreement that it was to be effective and binding on the day following the execution thereof only in the event that the Charvets should, on said date, pay to the defendants the sum of $2,500. It is further alleged that the Char-

vets failed to pay such sum within the time above specified and that, by reason thereof, the contract was of no force or effect.

Plaintiff, in its reply, denied the new matter alleged in the answer.

The cause was submitted to a jury and a verdict returned in favor of the defendants. Plaintiff appeals.

■■ Plaintiff contends that error was committed in receiving evidence tending to show that ''$800'' was inserted in the contract after the execution thereof without their knowledge or consent. *Palomaki v. Laurell*, 86 Or. 497 (168 P. 935), is authority for the proposition that such evidence is admissible under a general denial. Clearly, the contract would be invalidated if this material alteration was made without the knowledge or consent of the defendants: 1 R. C. L. 1021; 2 C. J. 1179.

■ Error is assigned in overruling objection to the following question asked on cross-examination of Horace Miller, an agent of plaintiff, ''You never made any complaint against Mr. Charvet that he was to pay any commission in this case?'' In view of the issues, we see no valid objection to the question. It was proper for defendants to inquire into the attitude of the plaintiff, relative to the existence of a contract to pay a broker's commission. Furthermore, the inquiry pertained to evidence brought out on direct examination in plaintiff's case in chief wherein witness Mace, an agent of plaintiff, testified that he explained to Charvet that he was to pay a commission of $300.

■■■ We quite agree with appellant that a real estate broker is entitled to a commission when, through his services, the customer and the employer enter into a valid and binding contract for the sale or exchange of real property. Under such circumstances it is immate-

rial that the exchange was not consummated. However, it will be borne in mind that, in the instant case, the defendants deny the existence of a valid contract. If the instrument which defendants signed was delivered to plaintiff on the condition alleged in their answer— one affecting the consideration—the plaintiff would not be entitled to prevail. It is not a question of varying the terms of a written instrument by parol evidence nor is the statute of frauds involved. See *Vincent v. Russell,* 101 Or. 672 (201 P. 433, 20 A. L. R. 417), and cases therein cited.

The trial court clearly and accurately stated the issues of the case to the jury and we see no ground for disturbing its verdict.

The judgment is affirmed.

ROSSMAN, CAMPBELL, and BAILEY, JJ., concur.