Argued September 5, affirmed October 3, 1950

# DeGRAW  *v.*  GRINDROD
### 222 P. (2d) 649

*Ernest Cole,* of Portland, argued the cause and filed a brief for appellant.

*David H. Fertig,* of Portland, argued the cause and filed a brief for respondent.

Before Lusk, Chief Justice, and Brand, Rossman, Bailey, Hay, Latourette and Warner, Justices.

ROSSMAN, J.

This is an appeal by the defendant from a judgment in favor of the plaintiff which is based upon findings of fact and conclusions of law. The amount of the judgment is $3,000.00.

The controversy which underlay the attacked judgment arose out of the fact that the defendant owned a tavern concerning which he, as prospective seller, and the plaintiff, as prospective buyer, conducted some negotiations, resulting in the payment by the plaintiff to the defendant of the sum of $3,000.00 and the execution by the defendant of a writing reading as follows:

"Earnest Money Receipt

"Received of C. O. DeGraw, check for Three Thousand dollars ($3000.00) as part payment for

equipment and location at 16th Ave. Tavern 717 NW 16th Ave. Portland, Oregon. Balance as agreed upon will be paid when lease is given.

"C. M. Grindrod."

The first assignment of error follows:

"The court erred in allowing the plaintiff to give his oral testimony that an agreement was made with defendant prior to the payment of said earnest money and the execution of the written memorandum accepted by him that same was subject to a subsequent contingent condition of him being able to satisfy himself that he could obtain a beer license for said business, on the grounds that same was incompetent and inadmissible, tending to add to and vary the terms of a written instrument."

The third finding of fact states:

"The parties made an agreement, and based upon the agreement of the parties, plaintiff paid as a deposit on the purchase price, the sum of $3000.00, and obtained a receipt labeled 'Earnest Money Receipt,' * * *."

The defendant concedes the verity of that finding.

The fourth finding of fact reads:

"The total price was $16,000.00 and this purchase price and this transaction was dependent upon the condition that plaintiff should make inquiry of the Oregon Liquor Control Commission for the purpose of determining and satisfying himself as to whether or not he could obtain such a license from the said Oregon Liquor Control Commission, and that it was agreed between plaintiff and defendant that the said $3000.00 was to be returned to the plaintiff in the event that, after he made inquiry, he was not satisfied that he could obtain a license."

The fifth finding of fact says:

"The court finds the facts to be that plaintiff made due inquiry and reasonable investigation as to his ability to obtain said license, but was informed that he could not obtain said license and that he notified the defendant of this fact; * * *."

Provided § 2-214, O. C. L. A., (our parol evidence rule) does not deny effect to the testimony, we believe that the fourth finding has substantial support. The other findings are unaffected by that rule. The merits, if any, of the assignment of error which we quoted will be determined by ascertaining whether or not the parol evidence rule demands that the testimony, upon which the fourth finding of fact is predicated, must be disregarded.

■ It not infrequently happens that money, securities or instruments contractual in nature are delivered by one person to another, subject to an oral agreement that the item be returned if an anticipated event does not occur. If parties who have drafted and signed a written document subject it to a condition precedent, which is not memorialized by a writing, the situation is different from that in which other parties who, upon signing a contractual instrument, agree orally that it shall be terminated upon the occurrence of a specified condition subsequent. In the former instance, according to lay, if not professional, understanding, the contemplated agreement does not become operative unless the condition precedent actually occurs, whereas in the latter instance an agreement is immediately effected but will be terminated if the condition subsequent occurs and the oral contract concerning it is given effect. We shall have that distinction in mind as we proceed.

In the present instance, the plaintiff and the defendant agreed upon the purchase price of the tavern and, in fact, upon all of the other details of the transaction which were within their control. One phase of the transaction, however, which was highly important to the plaintiff, was beyond the control of the parties: It was necessary that the tavern have a license if the plaintiff, upon acquiring its ownership, was to continue, as the defendant had, to serve beer to the tavern's customers. Unless the plaintiff could secure from the Liquor Control Commission a license he could not operate the tavern profitably. The grant or the denial of a license was not within the control of the parties, but lay within the exclusive dominion of the Commission. Thus, after the parties had agreed upon all details within their power, the plaintiff still was confronted with a contingency of paramount importance to himself. Unless it was resolved favorably to him, a purchase of the place would be ill-advised. The plaintiff swore, and the trial judge believed, that unless he could secure a license he did not wish to contract for the purchase of the tavern. Since he had had recent trouble with the Commission, including an instance in which a license application made by him was denied, he desired to know before he agreed to purchase the place that his license application would not be prejudiced by his past experiences. He swore that he acquainted the defendant with all of those facts. According to the finding, it was agreed when the plaintiff handed the defendant $3,000.00 and received the quoted receipt that the contemplated contract of purchase should be subject to a condition precedent; that is, that it should not become effective unless the plaintiff, after making inquiries, believed that the de-

sired license would be issued to him. Further findings, which are also supported by evidence, state that the plaintiff made due inquiry of the Commission and was told that no license would be issued to him. Accordingly, the condition upon which the transaction pivoted did not occur. The issuance of the receipt and the agreement upon the aforementioned condition were contemporaneous.

■ From Williston on Contracts, Rev. Ed., § 634, we quote:

"The parol evidence rule does not become applicable unless there is an integration of the agreement or contract, that is, unless the parties have assented to a certain writing or writings as the statement of the agreement or contract between them. Accordingly, it may be shown by parol evidence not only that a writing was never executed or delivered as a contract, * * *; but also (if the writing is unsealed) that the parties agreed by parol that the writing in question should not become effective until some future day or the happening of some contingency, if this is not inconsistent with the express terms of the writing."

■ Restatement of the Law, Contracts, § 241, says:

"Where parties to a writing which purports to be an integration of a contract between them orally agree, before or contemporaneously with the making of the writing, that it shall not become binding until a future day or until the happening of a future event, the oral agreement is operative if there is nothing in the writing inconsistent therewith."

We believe that the principle stated by the two authorities from which we just quoted reflects the views of this court. See *Sunnyside Land Co. v. Campbell*, 143 Or. 658, 23 P. 2d 323, and *Vincent v. Russell*,

101 Or. 672, 201 P. 432. See, also, *Johns-Manville Corp. v. Heckart,* 129 Or. 505, 277 P. 821; *City Messenger Co. v. Postal Telegraph Co.,* 74 Or. 433, 145 P. 657; and *Hale, The Parol Evidence Rule,* 4 Or. Law Rev. 91.

■ If the receipt contains any provisions which can be deemed contractual in nature, they are subject to the parol evidence rule. The defendant calls our attention to these words which are found in the receipt: "Balance as agreed upon will be paid when lease is given." Obviously, the phrase "as agreed upon" is equivocal. It intimates the existence of an agreement, but does not disclose its terms. In fact the entire paper does not even mention the amount of the purchase price. It is nothing more than the partial framework of a contract and needs the assistance of an ancillary parol agreement. The words "as agreed upon" can readily include within their embrace the very oral agreement upon which the plaintiff depends. We are satisfied that the evidence upon which the plaintiff depended to prove that the agreement to purchase was subject to a condition precedent was not inconsistent with the written language of the receipt. The parol evidence rule did not deny effect to any of the evidence which supports the findings. That being true, the challenged judgment must be affirmed. Although we have not discussed herein the many authorities submitted by the appellant, all of them received consideration from us so far as they bore upon the first assignment of error, which we deem controlling.

The judgment of the Circuit Court is affirmed.