Argued February 8, affirmed March 1, 1956

# MORRELL *v.* PERLMAN and ACKERMAN
### 294 P. 2d 319

*Walter J. Cosgrave,* of Portland, argued the cause for appellant. With him on the brief were Maguire, Shields, Morrison & Bailey, of Portland.

*Alan F. Davis,* of Portland, argued the cause for respondent. With him on the brief was W. F. Whitely, of Portland.

Before WARNER, Chief Justice, and ROSSMAN, LAT-
OURETTE and PERRY, Justices.

PER CURIAM.

This is an appeal by defendant Heine Perlman
from a judgment in the sum of $6,000 in favor of
plaintiff, Verel Morrell.

Plaintiff and defendant entered into a conditional
earnest money receipt agreement on September 8, 1950,
whereby plaintiff agreed to buy from defendant a
tavern in Clackamas county, Oregon, for the sum of
$10,000. Thereafter, plaintiff was unable to get a
liquor license from the liquor commission and another
earnest money receipt was entered into between Stella
E. Duncan, who later became plaintiff's wife, and de-
fendant, it being suggested by defendant's real estate
agent and one of the defendants, G. C. Ackerman, that
she might be able to obtain the liquor license. Later an
application for a liquor license by Stella E. Duncan
was refused by the liquor commission. Plaintiff, hav-
ing advanced $6,000 on the deal, demanded a return
of the same which demand was rejected, which oc-
casioned this action for money had and received. After
answering to the merits of the case, defendant inter-
posed a so-called equitable counterclaim for the sole
purpose of foreclosing and barring plaintiff from any
right or interest in the contract, restaurant and tavern,
or equipment therein and the real property on which
the tavern was located.

The court first heard the equitable defense, re-
served judgment thereon and ordered the case to pro-
ceed in law. At the conclusion of the trial, the court
held that the equitable defense had no merit and entered
findings in favor of the plaintiff, one of which was,

"that the terms and conditions of said agreement were subject to and conditioned upon the Oregon Liquor Control Commission approving the transfer of the license to the plaintiff from defendant Perlman."

Defendant has brought up a bill of exceptions and has a number of assignments of error in his brief; however, he argues that we should try the matter de novo on his alleged equitable defense. The equitable defense is not properly in the case. All of defendant's rights could have been adjudicated on the law side of the court. The only question involved was in relation to the approval of the liquor license by the liquor commission.

■ Defendant contends that since the document signed by the parties contained no reference to such a matter, oral evidence was not admissible to vary the terms of the contract. There was evidence in the case that the acquisition of the tavern was conditioned upon the acquiring of a liquor license. Under the authority of *Vincent v. Russell*, 101 Or 672, 201 P 433, and *De-Graw v. Grindrod*, 189 Or 684, 222 P2d 649, such evidence was admissible. We are not permitted to disturb the finding of the trial court.

Affirmed.