Argued May 7, affirmed November 10, 1965

# J & J CONSTRUCTION CO. *v.* MAYERNIK

407 P. 2d 625

*Edward I. Engel,* Portland, argued the cause for appellant. With him on the brief was John P. Ronchetto.

*James J. Damis,* Portland, argued the cause for respondent. On the brief were Damis and Damis.

Before McAllister, Chief Justice, and Sloan, Goodwin, Holman and Lusk, Justices.

LUSK, J.

This is an action to recover damages for breach of a written contract. Plaintiff had judgment in a trial by jury and defendant has appealed. The judgment was for $935, in accordance with a provision of the contract calling for liquidated damages.[1]

Three assignments of error raise the single question whether the court erred in refusing to submit to the jury evidence that the parties orally agreed that the writing was not to become effective as a contract until approved by the defendant's wife, Lucy Mayernik.

The contract, which is on a printed form, is for the remodeling of the kitchen in the home of the defendant and his wife. It was signed by the defendant as owner of the premises. It states fully the work to be done and the price and terms of payment and is an integrated agreement. See *Sternes v. Tucker,* 239 Or 105, 111, 395 P2d 881; *Dorsey et ux v. Tisby et ux,* 192 Or 163, 179, 234 P2d 557. The printed matter includes a so-called merger clause which reads:

> "There are no representations, guaranties or warranties, except such as may be herein incorporated, if any, nor any agreements collateral hereto, nor is this contract dependent upon or subject to any conditions not herein stated."

---

[1] "Owner agrees that in event of cancellation of this contract before work is started, owner shall pay to contractor on demand twenty per cent (20%) of the contract price as its stipulated damage for the breach." No question is raised as to the validity or enforceability of this stipulation.

The evidence, some of it objected to, would, if competent, have authorized the jury to find that there was a prior agreement between the plaintiff and the defendant that the writing was not to become effective as a contract until Mrs. Mayernik should approve it and that she did not approve it. As stated, the court refused to submit that issue to the jury. The question involves the application of the parol evidence rule.

■ It is familiar law that the parol evidence rule does not prevent the consideration of evidence that the parties orally agreed upon a condition precedent to the taking effect as a contract of an agreement which has been reduced to writing. *Sternes v. Tucker,* supra; *DeGraw v. Grindrod,* 189 Or 684, 689, 222 P2d 649. But this court in the *DeGraw* case gave its approval to the exception to that rule as expressed in the Restatement, Contracts § 241:

> "Where parties to a writing which purports to be an integration of a contract between them orally agree, before or contemporaneously with the making of the writing, that it shall not become binding until a future day or until the happening of a future event, the oral agreement is operative *if there is nothing in the writing inconsistent therewith.*" (Italics added.)

To the same effect is 4 Williston on Contracts (3d ed) 1017-1021, § 634.

■ It needs no argument to demonstrate that an agreement that the defendant's obligation under the contract here in question was subject to the condition that his wife should approve it, is inconsistent with the provision in the writing signed by the defendant, "nor is this contract dependent upon or subject to any conditions not herein stated."

While there is some dissent from the rule of the Restatement and Williston on the ground that it begs the question (see *White Showers, Inc. v. Fischer,* 278 Mich 32, 270 NW 205), nevertheless, it has received the approval not only of this court, but of many other courts throughout the country. *Meyer v. Armstrong,* 49 Wash 2d 598, 304 P2d 710; *Nelson Equipment Co. v. Goodman,* 42 Wash 2d 284, 254 P2d 727; *Mapes v. Santa Cruz Fruit etc. Corp.,* 26 Wash 2d 145, 173 P2d 182; *Fadex Foreign Trading Corp. v. Crown Steel Corp.,* 70 NYS2d 892, affirmed 297 NY 903, 79 NE2d 739; *United Engineering and Contracting Co. v. Broadnax,* 136 F 351 (CA 2 NY); *Hanrahan-Wilcox Corp. v. Jenison M. Co.,* 23 Cal App 2d 642, 73 P2d 1241; *Stafford v. Russell,* 117 Cal App 2d 326, 255 P2d 814; *Travers-Newton Chautauqua System v. Naab,* 196 Iowa 1313, 196 NW 36, 32 ALR 780; *Edward T. Kelly Co. v. von Zakobiel,* 168 Wis 579, 171 NW 75; *Rowe v. Shehyn,* 192 F Supp 428 (D DC). See, also, 32A CJS 323-324, Evidence § 935. *Edward T. Kelly Co. v. von Zakobiel* and *Rowe v. Shehyn,* both supra, are particularly in point because they hold that an oral condition precedent may not be shown as against a provision in the writing that there are no conditions not therein expressed.

The argument that the rule may in some cases work an injustice may be properly answered in the words of the court in *Fadex Foreign Trading Corp. v. Crown Steel Corp.,* supra:

"Facing squarely the question whether the law of this state recognizes the exception in the rule as expressed by the American Law Institute, Special Term held that it does not and that an oral condition precedent is to be given effect although inconsistent with the written provisions. We be-

lieve that this would considerably impair the effectiveness of the parol evidence rule, which, like other rules of law, is occasionally unjust, but is nevertheless wise and beneficial in its general operation." 70 NYS2d at 894.

Professor Corbin has said of the parol evidence rule that "it is so variable in its operation as to be the despair of law teachers and law writers." Corbin, supra, 545, § 589. The learned author might have added, "and of practicing lawyers and judges." It will neither serve the purpose of uniformity in decision, nor of justifiable reliance on the sanctity of written contracts, nor will it ease the burdens of those required to deal with the subject, to say that the law was one thing yesterday and is another today. We adhere to our adoption of the rule of the Restatement announced in *DeGraw v. Grindrod,* supra. It follows that there was no error in the court's ruling.

It should be added that the defendant makes no claim of fraud, mistake or overreaching.

The judgment is affirmed.